## PHILANDER GOULD

v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. CRIMINAL LAW—*person can not be tried in county court on a simple affidavit.* A person can not be tried, and convicted of a riot, in the county court, upon a simple affidavit of the commission of the offense, without any information, where the affidavit is not in the form of an information, and does not state that the proceeding is carried on in the name and by the authority of the people of the State of Illinois, and does not conclude "against the peace and dignity of the same."

2. SAME—*trial without plea is error.* It is error to try a defendant for a misdemeanor in the county court without any plea to the information or indictment.

WRIT OF ERROR to the County Court of Edwards county; the Hon. J. M. CAMPBELL, Judge, presiding.

Messrs. BELL & GREEN, and Mr. H. J. STRAWN, for the plaintiff in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a prosecution for a riot, in the county court of Edwards county. As the foundation of the prosecution, this affidavit was filed as the information:

"Joseph Weber, of the county of Richland and State of Illinois, after being first duly sworn, upon his oath says, that Philander Gould and William Newbery, of said county of Edwards, on the 17th day of December, A. D. 1877, at said county of Edwards, did do a lawful act in a violent and tumultuous manner, in this, that they took possession of certain hogs under a chattel mortgage given by said Weber to the said Gould, and they took possession of the same in a violent and tumultuous manner, and maltreated and abused the said Weber.

JOSEPH WEBER."

It was sworn to before the county clerk.

In this case there is an affidavit charging that a riot was committed, giving time and place, but there was no information filed, nor is the affidavit in the form of an information. In the case of *Parris* v. *The People,* 76 Ill. 274, it was held that the act conferring jurisdiction in cases of misdemeanors, on county courts, does not dispense with the requirements of an indictment; that the accused is still entitled to be informed of the offense with which he is charged, and with the same certainty as is required in an indictment. Such an information should charge the accused positively with the commission of the offense. Such an information, like an indictment, should be carried on "in the name and by the authority of the people of the State of Illinois," and conclude, " against the peace and dignity of the same." In this case there is no information filed, nor does the affidavit purport to supply its place. It does not state that the proceeding is carried on in the name and by the authority of the people of the State of Illinois, and against the peace and dignity of the same.

This proceeding is not in conformity with the statute, and is governed by *Parris* v. *The People,* and according to which there was no sufficient information to authorize a trial and conviction.

There is another error. It nowhere appears in the record that the defendants ever filed any plea in the proceeding. Under an indictment, a plea is indispensable to a trial unless the accused stands mute. The statute has not dispensed with a plea, and it was error to try the case without a plea.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*