## FRANK FITZPATRICK

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield March 21, 1881.*

CRIMINAL LAW—*of the arraignment.* The mention in the record of a criminal prosecution, of the prisoner's presence in court, and that he was called upon to plead to the indictment, and pleaded not guilty, shows sufficiently an arraignment, under our practice. The ancient formality is disused in our practice. The furnishing of a copy of the indictment will answer the purpose of reading the same to the defendant.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Messrs. STEVENSON & EWING, for the plaintiff in error:

The judgment must be reversed for the reason the record fails to show that the accused was arraigned on the indictment. Rev. Stat. 1845, p. 300, sec. 3; Bouv. Law Dic. p. 126; Arch. Cr. 1070, and note; *Schirmer* v. *People*, 33 Ill. 276, *Johnson* v. *People*, 22 id. 314.

Mr. ROBERT B. PORTER, State's attorney, for the People:

As to what constitutes an arraignment, see Burrill's Law Dic.; Coke's Litt. 263a; Bouv. Law Dic.; 1 Archb. 350, side p. 108; Wharton's Law Dic.

The record shows that the defendant was called on to plead and did plead, and that is substantially an arraignment.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an indictment for malicious mischief, whereon the defendant was found guilty, and sentenced to one year's imprisonment in the penitentiary.

He assigns for error that the record fails to show that he was arraigned on the indictment. The record, after reciting the coming of the defendant in custody of the sheriff, and the

disposition of a motion made by his attorney to quash the indictment, proceeds: "And now the defendant being called upon to plead thereto, says that he is not guilty," etc.

Our statute (Rev. Stat. 1874, p. 410, sec. 3,) provides: "Upon the arraignment of a prisoner it shall be sufficient, without complying with any other form, to declare orally that he is not guilty, and the mention of the arraignment and such plea shall constitute the issue between the people of the State and the prisoner."

Blackstone says: "To arraign is nothing else but to call the prisoner to the bar of the court to answer the matter charged upon him in the indictment." 4 Black. Com. 322. Though he remarks further, that, when brought to the bar, the prisoner is to be called upon by name to hold up his hand; that then the indictment is to be read to him distinctly in the English tongue, that he may fully understand his charge; after which it is to be demanded of him whether he be guilty of the crime whereof he stands indicted, or not guilty. The ancient formality attending the arraignment of a prisoner is disused in our practice. The statutory requirement of furnishing the prisoner with a copy of the indictment is a better means of information to him of the charge than the reading of the indictment to him.

As the record does not use the technical term "arraigned," it may be said that the record should show that what did take place amounted to an arraignment. We think that it does so show. The mention of the prisoner's presence in court and that he was called upon to plead to the indictment, shows sufficiently an arraignment under our practice.

The judgment will be affirmed.

*Judgment affirmed.*