# JAMES SPICER
## v.
## THE PEOPLE.

1.  CRIMINAL LAW—PREVENTING AN ASSAULT.—One person may lay his hand upon another to prevent his fighting or otherwise committing a breach of the peace, and it is not necessary that the offense prevented should reach the degree of felony in order to protect him who interferes.

2.  INSTRUCTIONS SHOULD BE CORRECT.—Where the evidence is very conflicting it is essential that the instructions should state the law correctly. In such cases erroneous instructions on the part of the people are not cured by correct ones given for the defendant, though it would be otherwise if the guilt of the defendant was apparent, and that the jury were not misled by the erroneous instruction.

3.  TRIAL WITHOUT PLEA.—It is error, even in cases of misdemeanor, to put a defendant upon trial without entering his plea; but it would seem that announcing himself ready for trial is in effect entering a plea. A formal arraignment and plea, as in ancient practice, is not now necessary.

4.  INSTRUCTION.—The defense was that the pretended assault was committed while preventing a breach of the peace, hence, an instruction that it devolved upon the defendant to show that he committed the assault to prevent the commission of a felony, and that he used no more force than was necessary, and that unless the felony was actually impending, the defense was of no avail, was erroneous. There was no evidence to warrant the view that a felony was about to be committed. As to the last part of the instruction, if the defendant used no more force than was apparently necessary, acting in good faith, and if he judged of the circumstances as a reasonable man, without any ulterior motive, the law will not hold him guilty.

APPEAL from the County Court of Johnson county; the Hon. C. M. DAMRON, Judge, presiding. Opinion filed September 29, 1882.

Mr. WM. A. SPANN, for appellant; that it was error to put defendant upon trial without entering his plea, cited Johnson v. The People, 22 Ill. 314; Yundt v. The People, 65 Ill. 372; Haskins v. The People, 84 Ill. 87; Gould v. The People, 89 Ill. 216.

It is error to give an instruction which assumes controverted facts as proved: Wallace v. De Young, 98 Ill. 638; Faran v. Childs, 66 Ill. 544; M. S. & N. I. R. R. Co. v. Shelton, 66 Ill. 424; C. B. & Q. R. R. Co. v. Griffin, 68 Ill. 499; Cusick v.

Campbell, 68 Ill. 508; Russell v. Minter, 83 Ill. 150; Gohn v. Doerle, 85 Ill. 514.

It is error to give an instruction not based on evidence: Bank of Montreal v. Page, 98 Ill. 109; Waldron v. Marcier, 82 Ill. 550; Cottom v. Holliday, 59 Ill. 176; Ill. Cent. R. R. Co. v. Cragin, 71 Ill. 177; B. & W. R'y Co. v. Birney, 71 Ill. 391; Smith v. The People, 74 Ill. 144; Martin v. Johnson, 89 Ill. 537.

In criminal cases where the evidence is conflicting, the instructions must be accurate: Swan v. The People, 98 Ill. 610; Otmer v. The People, 76 Ill. 149; Gulliver v. The People, 82 Ill. 146.

Where the erroneous instruction has a tendency to mislead, it is not cured by the giving of others which are correct: Baldwin v. Killian, 63 Ill. 550; Ill. Cent. R. R. Co. v. Moffit, 67 Ill. 431; T. W. & W. R'y Co. v. Larmon, 67 Ill. 68; Camp Point Mfg. Co. v. Ballou, 71 Ill. 417.

Where the verdict is manifestly against the weight of evidence the judgment will be reversed: Lincoln v. Stowell, 62 Ill. 83; Smith v. Slocum, 62 Ill. 354; Stenger v. Swartwout, 62 Ill. 257; Davenport v. Springer, 63 Ill. 276; Rafferty v. The People, 72 Ill. 37; Chicago v. Lavalle, 83 Ill. 482; Eastman v. The People, 93 Ill. 112; Hayward v. The People, 96 Ill. 492; Gainey v. The People, 97 Ill. 270.

WALL, J. Appellant was tried before the County Court of Johnson county, upon an information charging him with committing an assault and battery upon the person of one Thomas Elkins, and was found guilty. A motion for new trial was overruled, and a fine imposed. The record is brought here by writ of error, and various causes are assigned for a reversal of the judgment. The evidence shows that the affair occurred at a school-house at night. The prosecuting witness, Thomas Elkins, swears that he saw a difficulty progressing between his son and one Lovelace; that he went to the defense of his son, and endeavored to catch the arm of Lovelace, and that just then the defendant Spicer took hold of his (witness') clothing, and struck him a blow with his fist,

repeating the blow several times, knocking him down, and giving details not necessary to be stated. Some eight other witnesses besides the defendant, also testified, not one of whom agrees with the prosecutor as to all material points, and the most of them present the case in quite a different aspect; that is, that the younger Elkins assaulted Lovelace, who was defending himself, when the prosecuting witness went to the. aid of his son and also assaulted Lovelace, and that then the defendant Spicer laid his hand upon the shoulder of the prosecuting witness and said "hold on," whereupon the latter turned and struck defendant, and a fight then ensued between the two, resulting in Spicer getting Elkins down, and holding him there by the wrists. Elkins asked to be let up and Spicer said: " I will, if you will behave and let me alone." Some one said " Let him up, I will see that he behaves." Spicer did so, and here the. struggle ended. We think the great weight of the testimony is to the effect that Spicer was only endeavoring to prevent Elkins from committing a breach of the peace, when he was assaulted by Elkins, and that what Spicer afterward did was in his proper self-defense. The court gave the following instruction at the instance of the prosecution. 1st. " You are instructed for the people that it devolves upon the defendant, before he can successfully defend the charge made by this information upon the ground that he committed the assault and battery to prevent a felony, to show that such assault and battery was committed to prevent the commission of a felony; and further, that no more force was used than was necessary to prevent the impending violence. And unless you believe from the evidence, that a felony was actually impending, such defense is of no avail." We can not understand why it should be assumed that the defense was predicated upon the ground that the assault and battery alleged, was committed to prevent the commission of a felony. There was nothing in the evidence that would warrant the view that the prevention of a felony was necessary, for there was no reason to think that Elkins was trying to commit a felony. According to the view of the defendant and some of the other witnesses, as before stated, it was quite

apparent that Elkins was about to commit an unlawful assault upon Lovelace, and to prevent this the defendant interfered. The instruction was faulty in assuming that defendant did commit the assault and battery charged; that is, the unlawful beating of Thomas Elkins. If the defense had been that the beating was done to prevent a felony, still the instruction stated the rule too broadly, in saying that the defendant must show that he used no more force than was necessary, and that unless the felony was actually impending, the defense was of no avail. A man may be mistaken as to the exact sum of force necessary, and may be mistaken in supposing that a felony is actually impending; yet if he uses no more force than is apparently necessary, acting in good faith, and if he judges of the circumstances as a reasonable man and without any ulterior purpose, the law will not hold him guilty of a crime, even should it appear afterward upon a cool and deliberate consideration of the whole affair, that he was misled by the circumstances, and that he honestly erred in his judgment as to the gravity of the case, and the necessity for action. This is a familiar principle needing no reference to authorities.

A man may lay his hands upon another to prevent his fighting or otherwise committing a breach of the peace; Wharton's Cr. Law, Sec. 1260, and it is not necessary that the offence prevented should reach the degree of felony in order to protect him who so interferes to prevent its commission. In a case like this, where to say the least, the evidence was very conflicting, it is essential that the instructions should accurately state the law, and that they should in no wise mislead the jury, and though the instructions given on the part of the defense may be correct, yet this will not cure an erroneous instruction on behalf of the people; though it would be otherwise if from all the evidence the guilt of the defendant was apparent, and if it was also apparent that the erroneous instruction had not influenced the conviction. It is also urged that the defendant was put upon trial without entering his plea. It has been held that this is error, even in case of a misdemeanor. Haskins v. People, 84 Ill. 87;

Gould v. People, 89 Ill. 216. But if this were the only point in the case we should be inclined to hold upon the fact as shown by this record, that defendant announced himself ready for trial, he in effect entered a plea, and that the failure of the record to contain a formal statement on that point would be a mere irregularity for which, no other reasons appearing, the judgment would not be set aside. In practice, it is not usual, even in prosecutions for the gravest offences, to require a formal arraignment and plea, as was the ancient practice; the plea being entered orally by counsel and this has been sanctioned by the Supreme Court; Fitzpatrick v. The People, etc. 98 Ill. 259. As already intimated we are strongly impressed with the belief that the finding of the jury was not warranted by the evidence and we think the court should have granted a new trial. For this cause and for the error in giving the 1st instruction the judgment will be reversed and the cause remanded.

Reversed and remanded.