## DANIEL AVERY
### v.
## THE PEOPLE.

1.   CRIMINAL LAW—INFORMATION.—An information takes the place of an indictment, and like it should show that the act was unlawful, and should state specifically the manner and character of the act.

2.   TRIAL WITHOUT PLEA.—It is error, in a criminal case, to proceed to trial wi hout plea or issue joined, unless the defendant stands mute.

3.   MUTILATION OF ANIMALS.—A party has an undoubted right to use such means as are necessary to drive trespassing animals out of his fields, and if it result in mutilation of the animals he can not be said to have violated any law.

APPEAL from the County Court of Johnson county; the Hon. C. M. DAMRON, Judge, presiding.   Opinion filed September 29, 1882.

Mr. R. M. FISHER, for appellant; that an affidavit for the prosecution of a party must be such as perjury could be assigned·upon, cited Myers v. The People, 67 Ill. 504; Williams v. The People, 76 Ill. 274.

It is error to proceed to trial without a plea of the defendant being entered: Johnson v. The People, 22 Ill. 314; Yundt v. The People, 65 Ill. 372; Hoskins v. The People, 84 Ill. 87; Gould v. The People, 89 Ill. 216.

CASEY, J.   The State's Attorney of Johnson county filed in the county court of that county an information containing two

counts, charging the plaintiff in error with a violation of the fiftieth section of the criminal code. The information contains two counts and is substantially as follows:

1st. That the defendant was then and there guilty of cruelty to a certain hog, the said hog then and there being an animal, by then and there mutilating the said animal, contrary to the form of the statute, etc.

2d. That the defendant was then and there guilty of cruelty to a certain other hog, the said hog then and there being an animal, by then and there cruelly killing the said hog and animal.

A motion to quash the information, and each count thereof, was interposed by the plaintiff in error. The motion was refused and exceptions taken. Upon a trial the defendant was convicted, and motions for a new trial, and in arrest of judgment were entered by the defendant and refused by the court. Exceptions were taken to the ruling of the court. An information takes the place of an indictment. The Supreme Court of this State have held that the act conferring jurisdiction on county courts does not dispense with the requirements of an indictment. That the accused is still entitled to be informed of the offense with which he is charged with the same certainty as is required in an indictment. Paris v. The People, 76 Ill. 276 ; Gould v. The People, 89 Ill. 216. The information in this case does not aver that the act of the defendant was unlawful, and it wholly fails to show how or in what manner the animal was mutilated. The information, like an indictment, should show that the act was unlawfully done, and it should show the manner and character of the mutilation. The plaintiff in error was entitled to know specifically with what he was charged. The term " mutilation," as used in the statute, is general; the indictment or information based upon that statute must show the kind or character of the mutilation. The first count in the information was defective, and the motion to quash should have been allowed; and there is no evidence whatever in the record to sustain the second count. It is insisted by the plaintiff in error that the court erred in submitting the cause

to a jury without a plea or issue joined thereon. It does not appear from the record that the plaintiff in error filed any plea, or that issue was joined. This has been held to be indispensable unless the defendant stands mute. Gould v. The People, *supra;* Hoskins v. The People, 84 Ill. 87; Yundt v. The People, 65 Ill. 372; Johnson v. The People, 22 Ill. 314. It is also insisted by the plaintiff in error that the county court erred in giving instructions for the defendant in error. The first instruction given on the part of the people, in the county court, assumes that the defendant did mutilate the animal in question. That was a matter of fact, to be tried and determined by the jury. It was not a matter for the court to declare. The conclusion of the instruction is equally objectionable. There is no evidence in the cause but what the fences of the plaintiff in error were in good condition, and such as are termed lawful fences. The plaintiff in error had an undoubted right to use such means as were necessary for the purpose of putting the hogs out of his field, and if it resulted in the mutilation of the animal it could not be said he had violated any law. There is no pretense in the evidence that the plaintiff in error, in driving the hogs of his neighbor out of his premises, did more than any careful or prudent man would do. We have very carefully examined the testimony in this case, and apart from the errors already referred to, we think the testimony wholly fails to show that the plaintiff in error has violated the law, as charged. The judgment of the county court is therefore reversed.

Judgment reversed.