## G. W. BATEMAN *v.* THE STATE.

1. CRIMINAL PRACTICE. *Arraignment. Case in judgment.*
   B. was indicted for an assault and battery with intent to kill and murder one W. The district attorney, in open court, having invited the attention of the defendant and the jury, read the indictment. Counsel for the defendant in his presence and without his objecting then answered that defendant "pleads not guilty." Thereupon the presiding judge entered on his docket the plea of "not guilty." *Held,* that in this case there was no ground for the defendant to complain of a want of arraignment.

2. SAME. *Evidence. Proof of motive. Case in judgment.*
   In the above-stated case the evidence against B., as the person who had committed the offense, being circumstantial, testimony to show that he was criminally intimate with the wife of W., and that just before the assault W. had instituted suit against B. for the seduction of his wife, was admissible to show the motive of the accused for the commission of the crime.

APPEAL from the Circuit Court of Montgomery County.
HON. C. H. CAMPBELL, Judge.

George W. Bateman was indicted for an assault and battery on Vines M. Wells with an intent to kill and murder him. The evidence to identify Bateman as the guilty party was circumstantial. The court, on the trial, admitted, over the objection of defendant, testimony that showed that criminal relations had existed between the wife of Wells and Batemen; that Wells knew of these relations, and on that account had separated from, and instituted suit against Bateman for the seduction of, his wife, who was then living with Bateman, and that this suit was still pending at the time of the assault on Wells. Some further facts are stated in the opinion of the court. The defendant was convicted and he appealed.

*Sweatman, Trotter & Trotter,* for the appellant.

It is absolutely necessary in order to convict of a criminal

offense that the defendant shall be arraigned. *McQuillem* v. *State,* 8 S. & M. 595; *Wilson* v. *State,* 42 Miss. 639; *Cachute* v. *State,* 50 Miss. 165.

These authorities establish the further rule of law that all pleas must be by the defendant in *person,* and a defendant *cannot* plead by *attorney.*

Was there an arraignment of the defendant?

The authorities, so far as we have been able to find, are uniform in holding that an arraignment consists of reading the indictment to the defendant and calling on him to say in open court whether he is guilty or not. Wharton's Cr. Law, § 530; 1 Arch. Cr. Pr. and Pl., § 108, note 1.

Archibald uses following language:

NOTE 1.—" The term arraignment signifies the calling the defendant to the bar of the court to answer the accusation contained in the indictment. It consists of three parts : first, calling the prisoner to the bar by his name, and commanding him to hold up his hand ; second, reading the indictment to him in English, that he may understand the charge; and third, demanding of him whether he is guilty or not guilty."

The third requisite is entirely wanting in this case. The defendant, as the bill of exceptions shows, was never asked the question whether he was guilty or not.

He was never called on in open court to say whether he was guilty or not. It follows, then, that he was never arraigned, which, according to the authorities cited above, in our own State is essential to his conviction.

The attorney has no right to waive the arraignment and enter plea for the defendant. 42 Miss. 639; 50 Miss. 165; 8 S. & M. 595.

The testimony as to the adultery of defendant and Wells' wife was admitted over the objection of defendant.

This, we contend, was a collateral issue, and was not involved in the case, and the effect it had was to unduly prejudice the minds of the jury against the defendant, and hence it was error to admit it. *Dowling* v. *State,* 5 S. & M. 686–7.

*T. M. Miller*, Attorney General, for the State.

Upon the trial or at the commencement the district attorney called upon the defendant to listen to the reading of the indictment, which was then read accordingly.   Immediately thereupon, the defendant saying nothing, his counsel, sitting beside him, said : " To which the defendant pleads not guilty."

The court then rightfully caused the defendant's plea of not guilty to be entered, and the trial was proceeded with without objection or exception.

It is insisted that it was error to admit proof of the illicit intercourse between defendant and the wife of Wells upon the ground that a collateral issue was thus presented.   Not so ; it is always admissible, and especially in cases depending on circumstantial evidence, to show a motive in defendant for desiring the death of the person injured.

The evidence tended to prove a double motive, both that defendant might enjoy the unholy connection (which he admits) without hindrance or favor of the injured husband, and that he might escape the consequences of the lawsuit.   The case cited by counsel is not in point.   I admit, of course, that it is not competent to prove independent offenses or bad conduct which could furnish no special motive to do the particular act charged.

ARNOLD, J., delivered the opinion of the court.

The record shows that appellant was arraigned and that his plea of not guilty was entered by the court, but it is insisted that the facts did not warrant this entry.   The facts are that after the witnesses had been sworn and put under the rule, the district attorney read the indictment to the jury, and that when he commenced he invited appellant as well as the jury to listen to the reading, and that when he concluded, the counsel for the prisoner, in his presence and without objection being made by him, announced that the plea was not guilty, and that thereupon the presiding judge entered on his docket the plea of not guilty.   Under these circumstances there is no ground for appellant to complain of the want of arraignment.   1 Bish. Cr. Pro., § 733.

The testimony for the State in regard to Wells having brought suit against appellant just before the shooting occurred, to recover damages for the seduction of his wife, and of criminal intimacy between the appellant and the wife of Wells, was admissible to show motive on the part of the appellant for the commission of the crime with which he was charged. When intent or motive is an element of crime, as it was in this case, evidence of intent or motive is relevant, and as the strength of motive may depend upon the cause which produces it, it is competent in such case to prove not only the existence of motive, but also the nature and character of the cause in which it is supposed to have originated. Roscoe's Cr. Ev. 90–93 (7th ed.); Whart. Cr. Ev., § 784 (9th ed.); *Com.* v. *Ferrigan,* 44 Pa. St. 386; *Fraser* v. *The State,* 55 Ga. 324; *Murphy* v. *The People,* 63 N. Y. 590; *State* v. *Lawlor,* 28 Minn. 216. There is no error in the record.

*The judgment is affirmed.*