## PEOPLE v. McHALE.

*(Supreme Court, General Term, Fourth Department. July, 1891.)*

1. LARCENY—SUFFICIENCY OF INDICTMENT.

An indictment which charges defendant with larceny, in that defendant induced one H. to place certain money in his hands, promising to hold the money as a trustee for H. and return the same to H. whenever she should require it, and, having such money so in his possession as trustee, "did feloniously appropriate the said money of H., of the value aforesaid, to the use of himself, * * * with the intent then and there feloniously to deprive and defraud the said H. of the same, and of the use and benefit thereof," is sufficient under Pen. Code N. Y. § 528, which declares guilty of larceny "any person who, with the intent to deprive or defraud the true owner of his property, or of the use and benefit thereof, or to appropriate the same to the use of the taker, or of any other person, either (1) takes from the possession of the true owner, or of any other person, or obtains from such possession by color or aid of fraudulent or false representation or pretense, * * * any money, personal property, * * * or article of any kind; or, (2) having in his possession, custody, or control as bailee, servant, attorney, agent, clerk, trustee, or officer of any person, * * * money, * * * or thing in action or possession, appropriates the same to his own use."

2. SAME—SUFFICIENCY OF EVIDENCE.

The prosecutrix in such case testified that defendant told her "to place the money in his charge, and it would be all secure and safe, and on hand when wanted; that he was worth double that amount of money; and that he would act as trustee;" and that on the following day she gave defendant the money. Prosecutrix denied that she told defendant that he might use the money. An attorney employed by prosecutrix to demand the money testified that defendant said: "The money is spent, and I cannot pay it back; and that is all there is of it. I have not got it, and she cannot get it." There was also evidence that on another occasion defendant said he had the money, and would not pay it. On being further pressed by the attorney for the money, defendant said: "You go to hell and get it. You

don't get it from me." There was evidence that defendant was insolvent, and had wrongfully appropriated the money. Defendant's evidence was in conflict with the evidence adduced by the prosecution. *Held*, that a verdict of guilty would not be disturbed.

3. SAME—CONCEALMENT BY OWNER FROM POOR AUTHORITIES.

The fact that the prosecutrix showed some anxiety lest the poor authorities of the city in which she lived should learn that she was the owner of the money, could not be shown as a defense. *Leonard* v. *Poole*, 114 N. Y. 371, 21 N. E. Rep. 707, distinguished.

4. CRIMINAL LAW—ARRAIGNMENT AND ENTRY OF PLEA.

Defendant in a criminal case proceeded with the trial until the close of the evidence, without objection that he had not been arraigned, or any plea entered. It appeared from the record that defendant was permitted to give all the evidence, and make all the motions and objections, before he called attention to the want of a formal arraignment, which he could have done under a plea of not guilty. *Held*, under Code Crim. Proc. N. Y. § 285, which provides that the trial, judgment, or other proceedings shall not "be affected by reason of any imperfection in matter of form, which does not tend to the prejudice of the substantial rights of the defendant on the merits," that the court, on a motion to dismiss the indictment, made at the close of the evidence, on the ground of the want of a formal arraignment and plea, properly permitted defendant to be then arraigned and a plea of not guilty entered; Code Crim. Proc. N. Y. § 333, providing for the entry of a plea, not prescribing the time when it shall be entered, and section 342, providing that, where a defendant refuses to plead to an indictment, a plea of not guilty must be entered.

Appeal from court of sessions, Onondaga county.

James McHale was indicted for grand larceny in the first degree, and from a judgment entered on a verdict of guilty defendant appeals. The indictment charged that "the said James McHale, on the 31st day of October, 1889, at the city of Syracuse, in this county, entered into an agreement with one Elizabeth Heaney, whereby the said James McHale did promise and agree to and with the said Elizabeth Heaney to have and hold and take in his possession, custody, and control the certain moneys hereinafter described of and belonging to said Elizabeth Heaney, she being then and there the true owner thereof, in trust for and on account of said Elizabeth Heaney, and to deliver back and to return to said Elizabeth Heaney said moneys whenever she might demand the same of him, the said James McHale; and the said James McHale was then and there authorized by the said Elizabeth Heaney, by and in pursuance of said agreement with said Elizabeth Heaney, to hold and take possession, custody, and control of said moneys of and belonging to said Elizabeth Heaney; and the said James McHale did then and there become and was the trustee and bailee of said Elizabeth Heaney; and the said James McHale, being then and there so authorized by agreement with said Elizabeth Heaney to hold and take such possession, custody, and control as aforesaid of the said moneys of said Elizabeth Heaney, and being then and there the trustee and bailee of said Elizabeth Heaney as aforesaid, did then and there receive and have in his possession, custody, and control, as such person so authorized by agreement with said Elizabeth Heaney, as aforesaid, and as such trustee and bailee, eleven hundred and sixty dollars in money, lawful money of the United States, of the value of eleven hundred and sixty dollars, a more particular description of which said moneys the grand jury is here unable to give of the money of said Elizabeth Heaney, then and there the true owner thereof. And the said James McHale, on the day aforesaid, and at the place aforesaid, so having in his possession, custody, and control as such trustee authorized by agreement, as aforesaid, to hold and take such possession, custody, and control, and as such bailee and trustee of said Elizabeth Heaney as aforesaid, said money of said Elizabeth Heaney, of the value aforesaid, did feloniously appropriate the said money of Elizabeth Heaney, of the value aforesaid, to the use of himself, the said James McHale, with the intent then and there feloniously to deprive and defraud the said Elizabeth Heaney of the same and of the use and benefit thereof.

And so the grand jury do say that on the day aforesaid, at the place aforesaid, the said James McHale did feloniously steal eleven hundred and sixty dollars in money, lawful money of the United States, of the value of eleven hundred and sixty dollars, of the moneys of said Elizabeth Heaney, then and there the true owner thereof, against the form of the statute in such case made and provided, and against the peace of the people of the state of New York and their dignity."

Argued before HARDIN, P. J. and MARTIN and MERWIN, JJ.

*Frank Hopkins,* for appellant.    *T. E. Hancock,* Dist. Atty., and *B. J. Shove,* Asst. Dist. Atty., for the people.

HARDIN, P. J.    We are of the opinion that the allegations found in the indictment are entirely sufficient to bring the case within the provisions of section 528 of the Penal Code. *People* v. *Dunn,* 6 N. Y. Supp. 805; *People* v. *Willett,* 102 N. Y. 251, 6 N. E. Rep. 301; *People* v. *Dumar,* 106 N. Y. 502, 13 N. E. Rep. 325.    In that section it is provided as follows: "Any person who, with the intent to deprive or defraud the true owner of his property, or of the use and benefit thereof, or to appropriate the same to the use of the taker, or of any other person, either (1) takes from the possession of the true owner, or of any other person, or obtains from such possession by color or aid of fraudulent or false representation or pretense, or of any false token or writing, or secretes, withholds, or appropriates to his own use, or that of any person other than the true owner, any money, personal property, thing in action, evidence of debt or contract, or article of any kind; or (2) having in his possession, custody, or control as a bailee, servant, attorney, agent, clerk, trustee, or officer of any person, association, or corporation, or as a public officer, or as a person authorized by agreement or by competent authority to hold or take such possession, custody, or control, any money, property, evidence of debt or contract, article of value of any nature, or thing in action or possession, appropriates the same to his own use, or that of any other person other than the true owner or person entitled to the benefit thereof,— steals such property, and is guilty of larceny."

2. We are of the opinion that the evidence given upon the trial was sufficient to support the allegations of the indictment, and that the verdict of the jury is sustained by the evidence.    While there was a conflict in the evidence, and it may be conceded that, if the jury had believed the testimony of the defendant and his witnesses, a different result might have been reached, yet, as the evidence stood, it was for the jury to determine which of the witnesses told the truth, and, as the verdict is supported by the evidence, we are not inclined to interfere with it.    The prosecutrix, in the course of her testimony, among other things, said that the defendant "told me to place the money in his charge, and it would be all secure and safe, and on hand when wanted; that he was worth double that amount of money, and that he would act as trustee.    I came back there the following day with my money, and gave it to him; and he counted it out, and then took the money and went off, and afterwards returned."    She also testified that she never said to the defendant "that he might use this money."    In the course of the conversation held with the defendant by an attorney employed by the prosecutrix to demand the money of the defendant, the defendant stated:    "The money is spent, and I cannot pay it back; and that is all there is of it.    I have not got it, and she cannot get it."    Again, it appears that he said on one occasion:    "He wouldn't pay it over.    He had the money, and he wouldn't pay it;" and, being further pressed by the attorney for the money in behalf of the prosecutrix, the defendant said:    "You may go to hell and get it.    You don't get it from me."    There was evidence given tending to show the defendant was insolvent, and that he had wrongfully appropriated the money of the complainant.

3. We are of the opinion that the circumstances indicating that the com-

plainant showed some anxiety lest the poor authorities of the city of Syracuse should learn that she was the owner of the money, furnish no defense to the defendant. Whatever the prosecutrix's anxieties may have been upon that subject, the defendant was not thereby authorized to steal and retain her money, or justified in the crime when charged therewith. Our attention is called to *Leonard* v. *Poole*, 114 N. Y. 371, 21 N. E. Rep. 707, by the counsel for the appellant. We think the case does not aid his contention. That was an action by one co-conspirator to recover of another, and it was said: "The courts will not interfere in favor of any one of the parties to give him redress for frauds perpetrated upon another to his detriment in carrying out the unlawful enterprise;" and that an action to compel one to account would not be maintainable.

4. After the evidence was closed, the defendant submitted a motion to dismiss the indictment, and the motion was denied. Thereupon the counsel for the defendant stated: "I also observe—I only just observed it, or I suppose I should have spoken of it before—that the indictment does not show that Mr. McHale has been arraigned and pleaded, and it does not appear that he has been arraigned and pleaded." Thereupon the district attorney remarked, "We will arraign him now;" and a further statement was made to the effect "that the defendant has been in court for the last two or three days; that the counsel has been acquainted with the indictment, and had plenty of opportunity; that he has been here with counsel, and had plenty of opportunity to see the indictment, and read it, and, further, that the contents of the indictment, and its different counts, were stated at the beginning of the case by counsel, and that no objection has been raised by the counsel until the close of the case;" and thereupon the district attorney asked the court to "enter a plea of not guilty upon the record." To that the court responded, viz.: "I think he may be arraigned now. We have done that repeatedly." Thereupon the defendant's counsel took an exception to the procedure. It is insisted by the counsel for the defendant "that it was error to arraign the defendant, against his objection, after the close of the evidence." By section 333 of the Code of Criminal Procedure it is provided that every plea must be oral, and must be entered upon the minutes of the court. There is nothing in that section prescribing the time when the plea shall be entered. Section 334 of the Code of Criminal Procedure prescribes the form of a plea in case the defendant pleads not guilty, which shall be by use of the phrase, "the defendant pleads not guilty," (subdivision 3, § 334;) and section 338 of the Code of Criminal Procedure provides that "the plea of not guilty is a denial of every material allegation in the indictment;" and section 339 provides: "All matters of fact tending to establish a defense, other than that specified in the third subdivision of section 332, may be given in evidence under the plea of not guilty;" and then section 342 provides that, if the defendant refuse to answer an indictment by demurrer or plea, a plea of not guilty must be entered. It is apparent from the record that the defendant was permitted to give all the evidence, and to make all the motions, and use all the objections for a defense upon the trial before he called attention to the circumstance that there had been no formal arraignment, which he could have availed of if the formal plea of not guilty had been entered. We are therefore unable to see that he suffered any by the delay in entering the plea of not guilty. We think a case is presented where the provisions of section 285 of the Code of Criminal Procedure should be applied, which declares: "Nor can the trial, judgment, or other proceedings thereon be affected by reason of any imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits." In *People* v. *Williams*, 2 N. Y. Supp. 382, it was held that this section was intended to cure defects in form under the general rules of pleading. See, also, *People* v. *Peck*, 2 N. Y. Crim. R. 317. In *Pierson* v. *People*, 79 N. Y. 424, it was held that a prisoner might waive any

irregularity which existed in the case.    In the course of the opinion in that case are found words which we think are applicable here:   "If, therefore, there was any irregularity which would be ground of error, it was merely formal, affecting no public interest, trenching upon no public policy; and to hold that it could not be waived would be without precedent, and against reason."    This case was referred to approvingly in *Wainman* v. *Hampton*, 110 N. Y. 432, 18 N. E. Rep. 234.   The language used by the court in *People* v. *Osterhout*, 34 Hun, 262, is also applicable, to-wit:   "Especially in a case where the prisoner appears with his own counsel, the omission formally to arraign and to ask for a plea is immaterial to his rights, and may be deemed to be waived."    We see nothing in *People* v. *Bradner*, 107 N. Y. 1, 13 N. E. Rep. 87, cited by the counsel for the appellant, which aids his contention. In that case it was held: "A formal plea of not guilty, however, is not necessary to put the defendant on trial; a demand of trial by him is equivalent to such a plea."    We fail to see that the defendant has been deprived of any right.    Apparently he acquiesced in proceeding to trial before a jury on the indictment, and presumably he was aware during the whole progress of the trial that a formal plea had not been entered, and from the circumstances disclosed by the record we are of the opinion that the entry at the close of the evidence of his plea of not guilty was proper, and that no prejudicial error of which he can avail appears by reason of the delay in the entry of such plea. *Gibson* v. *People*, 5 Hun, 543, and cases cited. We are of the opinion that the verdict should be allowed to stand.    Judgment of conviction of the court of sessions of Onondaga county affirmed, and proceedings remitted to that court.

All concur.