PEOPLE *v.* TOWER.

*(Supreme Court, General Term, Fifth Department.  January 22, 1892.)*

1. CRIMINAL LAW—OBJECTIONS WAIVED—MISJOINDER OF CRIMES.
 An objection that an indictment improperly joins two crimes in one count, in that it charges defendant with forgery in the second degree, committed by forging the indorsement of one D. on a promissory note, and by uttering such note and indorsement to one C., each of which acts is declared forgery in the second degree

by Pen. Code, §§ 511, 521, is waived, unless the indictment is demurred to on that ground, under Code Crim. Proc. § 331, which provides that such objection "can only be taken by demurrer."

**2. SAME—ARRAIGNMENT AND PLEA.**

An objection that the record does not show that defendant was ever arraigned on the indictment or pleaded to it is waived where defendant goes to trial on the merits.

Appeal from court of sessions, Niagara county.

Stephen Tower was convicted of forgery, and appeals. Affirmed. For postponement to enable defendant to correct appeal-book, see 16 N. Y. Supp. 382.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Richard Crowley*, for appellant. *P. F. King*, for the People.

MACOMBER, J. The indictment charged the defendant with feloniously writing or indorsing the name of John Diez upon the back of a promissory note, and of uttering and putting off the same to one Sidney S. Cross. The note was dated at Lockport, N. Y., April 14, 1890, and is as follows: "$156.00. Seven months after date I promise to pay to the order of E. A. Longstaff one hundred and fifty-six dollars, at the Merchants' Bank, Lockport, N. Y., value received, with interest. [Signed] STEPHEN TOWER." On the back of the instrument was the genuine indorsement in writing of one E. A. Longstaff. It is alleged in the indictment that by the indorsement of the name of John Diez a pecuniary demand purported to have been created, and by which indorsement the said Diez might be bound, affected, or injured in his property; and that, with intent to defraud the said John Diez feloniously, the defendant did fraudulently make, forge, utter, and put off the said note and indorsement, as true, to one Sidney S. Cross, against the form of the statute, etc. The indictment, in the accusing part thereof, charges the defendant with the crime of forgery in the second degree. This crime (Pen. Code, § 511[1]) is distinct and separate from the crime of uttering and putting off forged paper, under section 521,[2] though each crime is forgery in the second degree. From this it is argued, by the learned counsel for the appellant, that the two crimes ought not to be joined in one count. If there existed any objection to the indictment of this nature, we are of the opinion that the same was waived by the failure of the defendant to demur to it on that ground. Code Crim. Proc. §§ 323, 331.[3] The verdict was that the defendant was guilty as charged in the indictment. Being general in its terms, it was, under the indictment, a finality in respect to both the making and the uttering of this forged paper; so that the defendant cannot again be convicted of the crime of forging or uttering it.

Other points are made in the brief of the learned counsel for the appellant, but they do not, in our judgment, merit special attention. They relate to the failure of the case to show that the defendant was ever arraigned upon the indictment, or that he pleaded thereto. These matters were waived by the

---

[1] Pen. Code, § 511: "A person is guilty of forgery in the second degree, who, with intent to defraud, * * * forges an instrument in writing, being or purporting to be the act of another, by which a pecuniary demand or obligation is or purports to be or to have been created, increased, discharged, or diminished, or in any manner affected, or by which any rights or property whatever are or purport to be or to have been created, transferred, conveyed, discharged, increased, or diminished, or in any manner affected."

[2] Pen. Code, § 521: "A person who, knowing the same to be forged or altered, and, with intent to defraud, * * * disposes of or puts off as true * * * a forged * * * indorsement, record, instrument in writing, or other thing, the false making, forging, or altering of which is punishable as forgery, is guilty of forgery in the same degree as if he had forged the same."

[3] Code Crim. Proc. § 323: "Defendant may demur to the indictment when it appears upon the face thereof * * * that more than one crime is charged in the indictment." Section 331: "The objections mentioned in section 323 can only be taken by demurrer."

defendant going to trial upon the indictment upon the merits of the charge, and cannot be raised for the first time after a conviction, inasmuch as there was nothing in these omissions which tended to prejudice the rights of the defendant, and consequently they should be disregarded. Code Crim. Proc. §§ 285, 684; *People* v. *Johnson,* 110 N. Y. 134, 17 N. E. Rep. 684; *People* v. *Myers,* 2 Hun, 6; *People* v. *Bradner,* 107 N. Y. 1, 13 N. E. Rep. 87; *People* v. *McHale,* (Sup.) 15 N. Y. Supp. 496. We have looked into the testimony contained in the case upon the merits, and find that there was ample evidence to sustain the verdict, and the judgment of the court entered thereon, upon the ground that the defendant feloniously uttered and put off as genuine the forged instrument of Diez. It follows, therefore, that the judgment and conviction should be affirmed. All concur.

