## THE STATE OF KANSAS v. OTTO GLAVE.

1. RAPE—*Waiving Arraignment and Plea.* Where the defendant in a criminal case announces himself ready for trial, and goes to trial without formal arraignment or plea having been entered, and at an early stage of the trial, on attention being called by one of the counsel of the state to the fact that the defendant has not been arraigned, he waives formal arraignment, and is afterwards convicted and sentenced, *held,* that he cannot thereafter complain of a want of formal arraignment and entry of a plea.

2. COMMENTS *on Defendant's Failure to Testify.* The testimony of a defendant who has taken the witness stand and given testimony to be considered by the jury may be commented on by counsel in the same manner as the other testimony in the case, and it is not error in such a case to permit counsel for the state to comment on his failure to testify with reference to material matters within his knowledge.

3. EVIDENCE *Sustains Verdict.* The evidence examined, and found ample to sustain the verdict.

*Appeal from Osborne District Court.*

PROSECUTION for rape. The opinion states the case.

*Mitchell & Robertson,* and *H. G. Larimer,* for appellant:

The verdict in this case is contrary to the evidence, and wholly unsupported by any evidence, either direct or circumstantial. The court erred in not sustaining the demurrer to the evidence, and in refusing to instruct the jury to find a verdict in favor of the defendant. The court should have sustained the demurrer to the evidence, for the reason that there is not sufficient evidence that the injured witness, Mary E. Cook, was under the age of 18 years at the time the alleged crime was committed.

The court erred in allowing the jury to be sworn and a portion of the state's evidence to be introduced before an arraignment was called for, and in not requiring a plea to be entered. In *The State v. Wilson,* 42 Kas. 597, it is held that the record should show affirmatively that the accused was arraigned and required to plead to the information. See

Crim. Code, § 161; *Hoskins v. The People,* 25 Am. Rep. 433; *Powell v. United States,* 1 Morris, 17; *Douglass v. The State,* 3 Wis. 820; *McJunkins v. The State,* 10 Ind. 140; *Rockey v. The State,* 19 id. 225; *McKinney v. The People,* 2 Gilman, (Ill.) 540; *The State v. Barnes,* 59 Mo. 154; *Lawrence v. Commonwealth,* 30 Gratt. 845; *Sperry v. Commonwealth,* 33 Am. Dec. 261; *People v. Corbett,* 28 Cal. 328.

The court erred in not granting a new trial on account of the improper remarks of E. F. Robinson and M. E. Smith, counsel for the state, to the jury. Such remarks were in direct violation of the statute, (Crim. Code, § 215,) and are reversible error. *The State v. Balch,* 31 Kas. 465; *Winter v. Sass,* 19 id. 556; *City of Topeka v. Myers,* 34 id. 501; *The State v. Skinner,* 34 id. 256; *The State v. Comstock,* 20 id. 650; *The State v. Brownfield,* 15 Mo. App. 593.

The defendant in this case did not testify except as to a preliminary matter, for the purpose solely of letting in the testimony of the witness F. C. Hasemeyer. His testimony was to the court and not to the jury. Besides, there was not a question asked by the state on cross-examination. No attempt was made by the state to contradict, discredit or impeach the defendant, and certainly he is entitled to the constitutional and statutory safeguard thrown around defendants, wherein their neglect or refusal to testify shall not raise any presumption of guilt; nor shall the circumstance be referred to by any attorney prosecuting in the case.

*John T. Little,* attorney general, and *M. E. Smith,* county attorney, for The State:

In this state, a failure to arraign the defendant, charged with any offense not capital, and have a formal plea of "not guilty" entered, is not such an omission or error as will entitle the defendant to a new trial, or to an arrest of judgment, when it appears that the defendant was present in person and by counsel, announced himself ready for trial upon the information, went to trial before a jury regularly impaneled and sworn, and submitted the question of guilt to their determina-

tion. *The State v. Lewis*, 10 Kas. 157; *The State v. Cassady*, 12 id. 551; Crim. Code, §§ 161, 293.

The venue was sufficiently proven to be in Osborne county.

The improper remarks complained of by defendant are such as are authorized when the defendant voluntarily takes the witness stand in his own behalf, and changes his *status* for the time being from defendant to witness; and it is perfectly proper for counsel for the state to comment on the evidence that he did or did not · offer. Defendant was seeking to impeach the witness J. L. Bacon, and he became a witness for all purposes of the case, and it is immaterial whether he is called upon to testify to one fact or a multitude of facts in the case. It was to the jury as much as to the court. "He assumes the character of a witness, and is entitled to the same privileges and subject to the same tests, and to be contradicted, discredited, or impeached, the same as any other witness." *The State v. Pfefferle*, 36 Kas. 90; *The State v. Probasco*, 46 id. 310.

The court very properly overruled the defendant's demurrer to the evidence. The age of Mary E. Cook was sufficiently proven to be under 18 years, even at the time of the trial.

The opinion of the court was delivered by

ALLEN, J.: The defendant, Otto Glave, was convicted of the crime of rape, committed on Mary E. Cook, a child under the age of 18 years.

The first error alleged by the appellant is, that the defendant was not arraigned, or called on to plead to the information before the trial. The record contains this statement: "The parties announced themselves ready for trial," after having recited that "the defendant was present in person and with his attorneys." After the first witness had been sworn, and had testified with reference to some unimportant matters, the attention of the court and counsel was called to the fact that the defendant had not been formally arraigned, and counsel for the defendant were asked whether they would waive formal arraignment, to which one of the counsel for the de-

fendant replied: "Yes, I guess we will waive at this time." Thereafter, the trial proceeded without objection on the part of the defendant. Under the former decisions of this court, the failure to arraign the defendant, and to require him to plead before the commencement of the trial, under the facts above stated, is not such error as will require a reversal of the judgment. (*The State v. Lewis,* 10 Kas. 157; *The State v. Cassady,* 12 id. 550.) In the case of *The State v. Wilson,* 42 Kas. 596, cited by counsel for appellant, the record failed to show that the defendant announced himself ready for trial, or consented to go to trial, and, after the jury was sworn, he made a motion to be discharged from custody because of want of service of a copy of the information, and because he had not been arraigned and required to plead. We do not think the decision in that case in conflict with the earlier cases cited and the conclusion reached in this.

Various objections were made to the introduction of testimony, and exceptions were preserved to the rulings of the court thereon. Motions were also made to strike out the testimony of certain witnesses. It is unnecessary to comment on them separately. We have examined the record and find no substantial error in it in regard to these matters. The defendant himself took the witness stand and testified with reference to his having heard conversations between Lafe Bacon, a witness for the state, and one Hasemeyer, a witness for the defendant. It is contended that material error was committed by the trial court in permitting counsel for the prosecution, in summing up the case to the jury, to comment on the failure of the defendant to testify with reference to the principal matters in issue, and the following language used by E. F. Robinson, one of the counsel for the prosecution, is mentioned as seriously objectionable: "You know the court, in your hearing, in passing on the evidence, told you from the bench that the defendant might prove acts of lewdness on her part, and they did not do it." "Silence is the strongest proof against him." "Only man that can deny it is silent." "He [the defendant] does not even deny it." J. K. Mitchell, of counsel for the

defendant, interrupted with the statement, "The defendant denied the charge by his plea of not guilty." Robinson retorted, "No, he waived it." And M. E. Smith, county attorney, in his argument to the jury, said, "He don't deny but that he is the father of the child." These remarks were excepted to by the defendant at the time. It is contended by counsel for appellant that the defendant took the witness stand merely for the purpose of making a statement on a preliminary matter, in order that the testimony of another witness in his behalf might be received; that by so doing he did not fully assume the attitude of a witness, and it is claimed that his testimony was to the court and not to the jury. This contention, however, is not correct. The testimony given by the defendant went to the jury, to be weighed by them with all the other testimony in the case. It was given by him for the purpose of showing that he heard conversations between Bacon and Hasemeyer, and the main purpose for which Hasemeyer was called as a witness was to prove that admissions of the defendant made at that time to Bacon were made under duress, and that $10 given by defendant to Bacon was extorted from him through fear. While the testimony given by the defendant bore but remotely on the main issue in the case, it still was one of many circumstances to be considered by the jury, and we are unable to perceive any line of demarcation which excludes the defendant from the list of witnesses produced in his behalf. We are not called on in this case to decide the question counsel seeks to raise, viz.: Whether a defendant in a criminal case, who takes the witness stand merely to make preliminary proof of some fact addressed solely to the court, for the purpose of permitting the introduction of copies of written instruments, for example, or other evidence requiring preliminary proof before its introduction, would thereby subject himself to all of the disadvantages attending his assumption of the attitude of a witness. This question we need not pass upon until properly presented. In this case, the testimony given by the defendant went to the jury, and it was competent for the counsel for

the state to comment on it. They might also comment on matters within his knowledge, and concerning which he failed to testify, as well as on the testimony he actually gave. Were we to attempt to lay down a rule limiting the argument of counsel based on testimony given by a defendant to those matters directly connected with the testimony given by him, we should meet with great difficulty in its practical application. The purpose of all testimony on the part of the defendant is to overcome presumptions of guilt raised by the testimony on behalf of the state, and all proper and pertinent discussion must be directed to the question of the guilt or innocence of the accused. Some of the remarks made by counsel for the state appear to us objectionable, yet we think comment on the fact that the defendant had taken the witness stand, and had failed to deny his guilt, was permissible, and the remark with reference to his having waived making a plea, though not strictly proper, having been made as a retort to an interruption by opposing counsel, we think not likely to have prejudiced the jury. (See *The State v. Pfefferle*, 36 Kas. 90; *The State v. Probasco*, 46 id. 310.)

The testimony of the injured witness is commented on, but we find nothing in the record to convince us that her statements were untrue. The birth of her child is conclusive of the guilt of some person. There was abundant evidence to connect the defendant with the crime, and the jury having given credit to the witnesses for the prosecution, and their verdict having been sustained by the trial court, we find no grounds in the record for saying that the conviction was wrong. Judgment will be affirmed.

All the Justices concurring.