### 718. WALLER *v.* THE STATE.

HILL, C. J. 1. The right of formal arraignment and plea will be conclusively considered as waived, where the defendant goes to trial before the jury on the merits, and fails, until after verdict, to bring to the attention of the court that he has not been formally called upon to enter a plea to the indictment. Pol. Code, § 10; *Hudson* v. *State,* 117 *Ga.* 704 (45 S. E. 66) ; *Bryans* v. *State,* 34 *Ga.* 323.

2. The unauthorized separation of the jury will not of itself require a new trial. Prejudice must have resulted from such separation; and where it is affirmatively shown that the jurors who temporarily separated themselves from the jury had no communication with any one upon the subject of the trial, either directly, by conversation, or individually, by hearing the observations of others, the presumption of injury arising from such irregularity would be sufficiently rebutted.

3. Where, pending the trial of a misdemeanor case, two of the jurors temporarily separated from the jury, and this fact was at the time known to the defendant or his counsel, and the attention of the court was not called to the irregularity until after verdict, a new trial will not be granted therefor, but an implied assent thereto by the defendant will be presumed. *Kirk* v. *State,* 73 *Ga.* 620; *Carter* v. *State,* 56 *Ga.* 467 (4) ; *Eberhart* v. *State,* 47 *Ga.* 598 (5).

4. The fact that the officer in charge of the jury in a criminal case, after they had retired to consider of their verdict, permitted them to sit in a body on a veranda and eat watermelons, sufficiently near to the sidewalk to hear a discussion of the case by persons thereon, will not require a new trial, where it affirmatively appears that the jury, while on the veranda, were under the charge of the officer, and neither discussed the case themselves nor heard any one else discuss or refer to it.

5. The paramount duty of courts is to insure fair and impartial trials.

Mere irregularities which do not affect or prevent the full and complete accomplishment of this duty should not require new trials.

6. The evidence was weak and conflicting, but the jury considered it sufficient to convict. The discretion of the trial court in refusing a new trial will not be disturbed.       *Judgment affirmed.*

Accusation of assault and battery, from city court of Cairo—Judge Singletary. July 1, 1907.

Submitted October 9,—Decided October 14, 1907.

*R. C. Bell, J. Q. Smith,* for plaintiff in error.