PEOPLE v. WEEKS.

1. CRIMINAL LAW—ARRAIGNMENT—OMISSION OF PLEA—WAIVER.
Where a respondent charged with a felony was not arraigned and did not plead to the information, but his counsel announced that he was ready for trial, and at a subsequent term filed an affidavit for a continuance denying his guilt, and later objected to a postponement of his trial that was asked for by the prosecutor, and where respondent was thereafter present during trial without raising any objection, and heard his counsel in argument to the jury state that he had pleaded " not guilty " to the information, he waived the right to an arraignment and plea.

2. SAME.
Announcing himself ready for trial has been held to be, in effect, entering a plea.

3. SAME.
After a trial on the merits, want of a plea does not render a conviction invalid.

Error to Missaukee; Lamb, J. Submitted March 1, 1911. (Docket No. 198.) Decided March 31, 1911.

Robert W. Weeks was convicted of a felony. Affirmed.

*Gaffney & Miltner*, for appellant.

*Norman W. Dunan*, Prosecuting Attorney, for the people.

The defendant was convicted of a felony and has thus appealed.

The record shows:

(1) That he was bound over to the circuit court upon examination.

(2) An information was filed on August 16, 1910.

(3) At the September, 1910, term he announced himself ready for trial, but the cause was postponed to an adjourned term in October at the instance of the prosecuting attorney.

(4) At the adjourned term the cause was continued on application and showing by affidavit of the defendant, in which he said "that he had a good and meritorious defense," and "that he was innocent of the crime charged."

(5) He was tried and convicted at the November term, being present throughout the trial, on which occasion his counsel stated:

" 'Now, gentlemen, Mr. Dunan has read to you the charge. We deny that the charge is true; we have pleaded not guilty to that charge, and we claim and say that we are not guilty.' "

He was represented by counsel throughout the case and made a defense upon the merits.

(6) Subsequently he was sentenced; a motion in arrest of judgment, on the ground that he had not been arraigned, being denied.

It is contended that the verdict and judgment are invalid for the reason stated, and this is the only question raised.

HOOKER, J. (*after stating the facts*). Counsel for

defendant rely on the early case of *Grigg* v. *People*, 31 Mich. 471, in which this court held that a record of an arraignment and plea were essential to the validity of a conviction. The return was silent on the subject, and the attorney general conceded that arraignment and plea were essential. This record differs materially from the record in *Grigg* v. *People*. In this case the defendant filed affidavits denying the charge under oath and asserting that he had a meritorious defense. He complained of delay caused by a postponement of his trial, and, when tried, heard his counsel state to the jury that he had pleaded not guilty to the charge. Whether or not the omission of an arraignment and plea and the record thereof ought to be considered as more than a formal defect to be disregarded under the statute (Comp. Laws 1857, § 6043; 3 Comp. Laws, § 11908), as indicated by Mr. Justice CHRISTIANCY in his opinion in *Hensche* v. *People*, 16 Mich. 46–49, the affidavit denying guilt filed in the case and his counsel's statement to the jury that the defendant had pleaded not guilty gave him the full benefit of such a plea in fact, and justified the entry of such a plea *nunc pro tunc* under the case of *Grigg* v. *People*, *supra*. We also think that the presence of defendant in court through a trial of the cause upon the merits represented by counsel, who failed to call attention to the omission of arraignment and plea, was a waiver of his right thereto, and we cite in support of this for future convenience the following cases which the industry of counsel has collected, several of which cases overrule earlier ones in harmony with *Grigg* v. *People*, *supra*.

Announcing himself ready for trial has been held to be in effect entering a plea. *Spicer* v. *People*, 11 Ill. App. 294; *People* v. *Bradner*, 107 N. Y. 1 (13 N. E. 87); *People* v. *Frost*, 5 Parker, Cr. R. (N. Y.) 52; *Avery* v. *People*, 11 Ill. App. 332; *People* v. *Tower*, 17 N. Y. Supp. 395.

After trial on the merits want of plea does not render a conviction invalid. *State* v. *Straub*, 16 Wash. 111 (47

Pac. 227); *Molihan* v. *State*, 30 Ind. 266; *State* v.
*Hayes*, 67 Iowa, 27 (24 N. W. 575); *State* v. *Greene*, 66
Iowa, 11 (23 N. W. 154); *U. S.* v. *Molloy* (C. C.), 31
Fed. 19; *State* v. *Thompson*, 95 Iowa, 464 (64 N. W.
419); *Hudson* v. *State*, 117 Ga. 704 (45 S. E. 66); *Waller*
v. *State*, 2 Ga. App. 636 (58 S. E. 1106).

In the case of *People* v. *Osterhout*, 34 Hun (N. Y.),
260, the subject was treated as follows:

"The defect is merely technical, affecting no rights
whatever. * * * Nor may this court on appeal regard
technical errors or defects, or exceptions which do not
affect substantial rights (referring to the statute). If this
section is to have any meaning at all, it applies exactly to
a case like the present. * * * Every one who knows
anything of a criminal trial must see that the omission
did the defendant no harm. * * * Where the pris-
oner appears with his own counsel, the omission formally
to arraign and ask for a plea is immaterial to his rights
and may be deemed to be waived."

To the same effect see *People* v. *Bradner*, 107 N. Y.
1–9 (13 N. E. 87, 90), where the court says:

"A formal plea of not guilty is not necessary to put
the defendant on trial."

Further, in effect, going to trial as if an issue were
formed, all participants acting as if all formalities had
been complied with, is equivalent to an arraignment and
plea.

"It would be sacrificing substance to form not to give
effect to the transaction according to the plain under-
standing of the court and the parties." *People* v. *Brad-
ner, supra.*

The State of Kansas also recognizes some exceptions to
the general rule; its courts holding that: A failure to
arraign the defendant and to enter a formal plea of not
guilty is not a ground for reversal or arrest of judgment,
when it appears that the defendant was present, an-
nounced himself ready for trial, and regularly went to

trial before the jury without objection. *State* v. *Cassady*, 12 Kan. 550.

The Mississippi courts hold that: An arraignment and plea are mere matters of form, and may be expressly or impliedly waived by the defendant, or cured by trial or verdict without objection. *Bateman* v. *State*, 64 Miss. 233 (1 South. 172).

In South Dakota it is held that: Where a record shows the presence personally and by counsel of a defendant charged with a felony, his announcement of ready for trial, and a trial on the merits without objection, failure to show affirmatively the fact of arraignment is not ground for reversal. *State* v. *Reddington*, 7 S. D. 368 (64 N. W. 170).

Also that an arraignment may be waived, even when the charge is a felony, is held in the following cases: *State* v. *Robinson*, 36 La. Ann. 873; *State* v. *Glave*, 51 Kan. 330 (33 Pac. 8); *Kelly* v. *People*, 132 Ill. 363 (24 N. E. 56); *State* v. *Winstrand*, 37 Iowa, 111; *State* v. *Grate*, 68 Mo. 22; *Molihan* v. *State*, 30 Ind. 266; *Mitchell* v. *State*, 22 Ga. 211 (68 Am. Dec. 493); *People* v. *McHale*, 15 N. Y. Supp. 496; *Douglass* v. *State*, 3 Wis. 820; *People* v. *Osterhout*, 34 Hun (N. Y.), 260; *Pierson* v. *People*, 79 N. Y. 424 (35 Am. Rep. 524). And this may be accomplished not only by expressly waiving arraignment (*Goodin* v. *State*, 16 Ohio St. 344; *State* v. *Robinson*, 36 La. Ann. 873; *State* v. *Glave*, 51 Kan. 330 [33 Pac. 8]), but also by acts equivalent thereto. *State* v. *Winstrand*, 37 Iowa, 110; *State* v. *Grate*, 68 Mo. 22; *Molihan* v. *State*, 30 Ind. 266; *People* v. *Lightner*, 49 Cal. 226; *State* v. *Thompson*, 95 Iowa, 464 (64 N. W. 419); *Spicer* v. *People*, 11 Ill. App. 294; *Hudson* v. *State*, 117 Ga. 704 (45 S. E. 66); *Waller* v. *State*, 2 Ga. App. 636 (58 S. E. 1106); *State* v. *Reddington*, 7 S. D. 368 (64 N. W. 170); *State* v. *Cassady*, 12 Kan. 550; *People* v. *Tower*, 63 Hun (N. Y.), 624; *State* v. *Straub*, 16 Wash. 111 (47 Pac. 227); *State* v. *Hayes*, 67 Iowa, 27 (24 N. W. 575); *U. S.* v. *Molloy* (C. C.), 31 Fed. 19;

*Bateman* v. *State,* 64 Miss. 233 (1 South. 172); *People* v. *Bradner,* 107 N. Y. 1 (13 N. E. 87); *People* v. *Frost,* 5 Parker, Cr. R. (N. Y.) 52; *Avery* v. *People,* 11 Ill. App. 332; 2 Enc. Pl. & Prac. p. 761; *Fitzpatrick* v. *People,* 98 Ill. 259.

In *Hack* v. *State,* 141 Wis. 346 (124 N. W. 492), the court said:

" The accused is entitled to every constitutional right; but he should not be allowed to juggle with them. He has no right to be silent, and then after the decision has gone against him raise the plea that he was not given his right. Should he be allowed to play his game with loaded dice? Should justice be allowed to travel with leaden heel, because the defendant has secretly stored up some technical error not affecting the merits, and thus securing a new trial because, forsooth, he can waive nothing? We think not. We think that sound reason, good sense, and the interests of the public demand that the ancient rule, framed originally for other conditions, be laid aside, at least so far as all prosecutions for offenses less than capital are concerned. We believe it has been laid aside in fact  *  *  *  by the former decisions of this court. It is believed that this court has uniformly attempted to disregard mere formal errors and technical objections, not affecting any substantial right, and to adhere to the spirit of the law which giveth life, rather than to the letter which killeth."

In the same case Justice Marshall, in a concurring opinion, says:

"While in my judgment the decision here is conformable to and required by the law of 1856 and numerous decisions that rights, even of a fundamental character, may be waived in a criminal, as well as in a civil, case, overruling the principle of *Davis* v. *State* [38 Wis. 487], I claim for the court inherent power and duty to reach the same result independently of legislative assistance. The doctrine of *Davis* v. *State* as to arraignment and plea not being waivable, is wholly of judicial creation. Not only, as said by the Chief Justice, have the basic reasons which suggested such doctrine as a guard against injustice long since ceased to exist, but just as weighty reasons, prior to the legislation of 1856, called for its

abrogation as a useless interference with the due administration of justice. The inherent power of the court, which originated the doctrine to satisfy seeming requirements of the social state which no longer exist, may properly be used to lay it aside as a legal curiosity, appreciable only by a knowledge of its antecedents, and inadaptable for any beneficial purpose in our modern life."

We think that the prosecutor's most excellent brief, from which we have quoted liberally in this opinion, conclusively shows that the trend of judicial opinion supports overwhelmingly the validity of this conviction. It is therefore affirmed.

MOORE, MCALVAY, BROOKE, and BLAIR, JJ., concurred.