### 5323.  YOUNG *v.* THE STATE.

1. Separation of two of the jurors from the remainder of the jury during a part of a recess of the court was not a sufficient ground for setting aside the verdict against the accused, it appearing that no motion on account of the separation was made before verdict, though counsel for the accused informed the presiding judge of the fact on the reconvening of the court after the recess.
2. There was sufficient evidence to authorize the verdict.

DECIDED JANUARY 20, 1914.

Indictment for larceny; from Laurens superior court—Judge Hawkins.  September 20, 1913.

*R. Earl Camp,* for plaintiff in error.
*E. L. Stephens, solicitor-general,* contra.

ROAN, J.  1.  It appears that the evidence in the case had been closed as to both sides and the jury charged by the court, and, at the special request of counsel representing the defendant, when the court started to take recess at the noon hour, the judge instructed the sheriff to keep the jury together and not permit them to separate.  The sheriff turned the custody of the jury over to one of the bailiffs of the court, to take them to a restaurant for lunch. Either knowingly or by negligence, the bailiff left two of the jurors on the court-house grounds, while taking the remaining ten jurors to their meal.  The two jurors remained away from the other jurors and from the officer in charge approximately 20 or 30 minutes, before finally going unattended to the restaurant and joining

them for lunch. This was known to the defendant's counsel, who called the attention of the judge to the fact as he returned. from lunch and right after the court had reconvened, but there was no motion for a mistrial or for the purgation of the jury, nor any further action in regard to the separation of the jury until after the conviction of the accused, when, in his motion for a new trial, he complained of the conduct of the jury in separating. By thus keeping silent and taking the chances of a verdict in his favor, he impliedly assented to the conduct of these jurors, and will not afterwards be allowed to urge such conduct in a motion for a new trial, as a ground for setting aside the verdict. *Waller* v. *State,* 2 *Ga. App.* 636 (58 S. E. 1106), and citations.

2. While the evidence leaves us in some doubt as to the guilt of this defendant, yet we find there was sufficient evidence to authorize the verdict; the judge who supervised the trial and had the witnesses before him seems to have been satisfied with the verdict and has approved it; and we are not prepared to say that he committed error in doing so.            *Judgment affirmed.*