OF THE

## TERRITORY OF ARIZONA

DURING THE YEAR 1890.

[Criminal No. 59.   Filed February 4, 1890.]

[32 Pac. 260.]

TERRITORY OF ARIZONA, Plaintiff and Respondent, v. JAMES BRASH, Defendant and Appellant.

1. CRIMINAL LAW—ARRAIGNMENT—NECESSITY FOR PLEA—JUDGMENT WITHOUT PLEA NULLITY.—A defendant in a criminal case does not, by consenting to go to trial and remaining silent when the clerk states to the jury that the defendant pleaded "Not guilty," make such plea his own. He, never having had the statutory opportunity to plead, was under no obligation to plead. No plea having been entered, there was no issue, and the verdict and judgment are nullities.

.APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Pinal. William H. Barnes, Judge. Reversed.

The facts are stated in the opinion.

Baker & Campbell, for Appellant.

Defendant was indicted for the crime of an aggravated assault. The crime charged is a felony. Pen. Code of Arizona, secs. 390-392.

An issue of fact arises upon a plea of not guilty. Pen. Code, sec. 1581.

Every plea must be *oral* and entered upon the minutes of the court. *People* v. *Johnson*, 47 Cal. 182; Pen. Code, sec. 1548.

( 141 )

The record before the court does not show that defendant pleaded to the indictment, but, as a matter of fact, shows that he *did not*. There was therefore no issue for the jury to try, and the verdict and judgment are nullities.

"The right of arraignment may in some cases be waived, but a plea is always essential. The court cannot supply an issue after verdict where there has been no plea, notwithstanding that defendant consented to go to trial." Wharton on Pleading and Practice, sec. 409; *Hoskins* v. *State*, 84 Ill. 87, 25 Am. Rep. 433; *Gould* v. *State*, 89 Ill. 216; *Douglass* v. *State*, 3 Wis. 820; *State* v. *Sanders*, 53 Mo. 321; *State* v. *Montgomery*, 63 Mo. 298; *People* v. *Gaines*, 52 Cal. 480; *People* v. *Corbett*, 28 Cal. 328; *Griggs* v. *People*, 31 Mich. 471; *Aylesworth* v. *People*, 85 Ill. 301; *Davis* v. *State*, 38 Wis. 487.

Clark Churchill, Attorney-General, for Respondent.

SLOAN, J.—The defendant was indicted at the October term, 1889, of the district court of Pinal County for the crime of an aggravated assault. At the same term defendant was tried under said indictment, and convicted of an assault. From the judgment entered thereon, and the order overruling his motion for a new trial defendant appeals.

The record in this case fails to show that any plea was ever made by the defendant or entered by the court. It is suggested by the attorney-general that, in consenting to go to trial, and in remaining silent when the clerk in the usual form stated to the jury that the defendant pleaded "Not guilty" to the indictment, the defendant made the plea as thus stated by the clerk his own. To this it is sufficient to say that the statutory opportunity to plead having never been extended to the defendant, he was never under any obligation to plead. No plea having been entered by the defendant, there was no issue for the jury to try, and the verdict of the jury and judgment entered thereon are therefore nullities.

Judgment and order reversed, and cause remanded.

Wright, C. J., and Kibbey, J., concur.