[Criminal No. 86.    Filed January 17, 1894.]

[36 Pac. 35, *sub nom.* Ussery *v.* Territory of Arizona.]

## TERRITORY OF ARIZONA, Plaintiff and Respondent, v. KING USSERY, Defendant and Appellant.

1. CRIMINAL LAW—TRIAL—READING INDICTMENT AND PLEA TO JURY—NOT JURISDICTIONAL—REV. STATS. ARIZ. 1887, PENAL CODE, PAR. 1643, CONSTRUED—FAILURE TO READ MAY BE WAIVED.—The reading of the indictment and the stating of the plea to the jury by the clerk, though directed by statute, *supra,* is not jurisdictional. Failure to comply with one or both of these requirements, if objected to by the defendant, would be error. The defendant may waive the right, and, failing to save any exception to such omission, will be presumed to have done so.

2. SAME—SAME—PLEA AND READING PLEA DISTINGUISHED—TERRITORY V. BRASH, 3 ARIZ. 141, 32 PAC. 260, CITED.—The failure to plead to the indictment is jurisdictional, *Territory* v. *Brash, supra,* cited; but the failure of the clerk to read the indictment and state the plea is not, and does not affect a substantial right of the defendant.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Pinal. Owen T. Rouse, Judge. Affirmed.

The facts are stated in the opinion.

E. J. Edwards, for Appellant.

Francis J. Heney, Attorney-General, and H. V. Jackson, District Attorney, for Respondent.

SLOAN, J.—The appellant was convicted at the October, 1892, term of the district court in and for the county of Pinal, of the crime of robbery. From the judgment of conviction and from the order overruling his motion for a new trial the appellant brings his appeal. The record fails to disclose that upon the trial the indictment was read to the jury by the clerk, or the plea of defendant stated, as required by section 1643 of the Penal Code. This omission constitutes the only ground upon which appellant relies for a reversal of the cause. The appellant took no exception to the omission, but went to trial without objection. In fact, the question is raised

for the first time in this court, as it was not made a ground for a new trial in the motion, and we might dispose of the question for that reason alone. We prefer, however, to consider the question as properly in the record, so far as any failure to incorporate the objection in the motion for a new trial is concerned. The record affirmatively shows that the defendant had, previously to the trial, been arraigned, and pleaded "Not guilty" to the indictment. The cause was therefore at issue. The reading of the indictment and the stating of the plea to the jury by the clerk, although directed by the statute, is in no wise jurisdictional. The failure to comply with one or both of these requirements, if objected to by the defendant, would unquestionably be an error. The purpose of the statute is to provide a method for informing the jury as to the nature of the charge against the defendant and the issue joined by him. This information the defendant has the right to have imparted to the jury in the formal mode pointed out by the statute. It is the usual and ordinary practice, however, upon the impaneling of the jury, for counsel to state to them the general nature of the accusation against the defendant, as well as his plea; and when this is done it is difficult to see how the defendant could be injured by the omission on the part of the clerk to again impart the same information by reading the indictment and stating the plea. At any rate, it seems quite clear to us that the defendant may waive, in such a case at least, his statutory right to have this done, and, having failed to save any exception to such omission, will be presumed to have done so. The failure to plead to the indictment, and the failure of the clerk to read the indictment and state the plea must be distinguished. The former is jurisdictional, as without a plea there can be no issue for the jury to try. *Territory* v. *Brash*, 3 Ariz. 141, 32 Pac. 260. The latter does not, as we have before stated, affect a substantial right of the defendant. *People* v. *Sprague,* 53 Cal. 491. The judgment is affirmed.

Baker, C. J., and Hawkins, J., concur.

Rouse, J., concurs in the result.