OF THE

# TERRITORY OF ARIZONA

DURING THE YEAR 1909.

---

[Criminal No. 257. Filed January 13, 1909.]

[99 Pac. 275.]

JAMES P. STORM, Defendant and Appellant, v. TERRI-
TORY OF ARIZONA, Respondent.

1. CRIMINAL LAW—FORMER JEOPARDY—BURDEN OF PROOF.—The bur-
den is upon the defendant, who sets up a plea of former jeopardy,
to prove by a preponderance of the evidence that his plea is well
founded in fact, the presumptions being against the defendant.

2. JURY—CRIMINAL PROSECUTION—ISSUE OF FORMER JEOPARDY.—De-
fendant in a criminal prosecution is not entitled as a fundamental
right to the verdict of a jury upon the issue on a plea of former
jeopardy.

APPEAL from a judgment of the District Court of the
Fourth Judicial District, in and for the County of Yavapai.
Richard E. Sloan, Judge.

On motion for rehearing. Motion denied.

For former opinion, see *ante*, p. 26, 94 Pac. 1099.

Affirmed on appeal, 170 Fed. 423, 95 C. C. A. 593.

NAVE, J.—The urgency with which appellant contends
that the effect of our decision (*ante*, p. 26, 94 Pac. 1099)
is to deprive him of a constitutional right impels us, in deny-
ing his motion for rehearing, to add to the statement of our
view as to the question of the necessity of a verdict upon the
issue of former jeopardy. It must not be overlooked that
the issue raised by a plea of former jeopardy is different in its

(109)

nature from that raised by a plea of not guilty. The former does not go to the merits of the charge against the defendant. It is tried upon a different theory and by different procedure. Upon the plea of not guilty, the presumption is that the defendant is innocent. Upon the issue of former jeopardy, the presumption is against the defendant. Upon the issue of not guilty, every reasonable doubt must be resolved in favor of the defendant, and the burden is upon the prosecution to satisfy the jury beyond a reasonable doubt of the guilt of the defendant. Upon the issue of former jeopardy, the burden is upon the defendant to satisfy the jury by a preponderance of the evidence that his plea of former jeopardy is well founded in fact. The doubts are resolved against him. 12 Cyc. 368. The analogy between the proceedings on this issue and the proceedings in civil cases is manifest. At common law the defendant must set forth the record upon which he predicates his claim of former jeopardy. Upon demurrer thereto the court may disallow the plea. We have so changed the procedure that the basis of the plea is not disclosed until evidence upon it is offered; but that change does not in itself afford a reason for denying to the trial court the authority to disallow the plea as a matter of law upon the record offered to support it. In our former opinion we showed that, among other courts, the supreme court of California, from which state we adopted our Penal Code, holds with us that, where there is no dispute of fact to be resolved under such a plea, it is the duty of the court to direct a verdict. The analogy with the procedure in civil cases is thus made quite complete.

It is true there are decisions to the contrary. We have not failed to examine them. The constitution compels the submission to the jury of the issue upon the merits, even though the evidence incontestably demonstrates the defendant's guilt. The jury can repudiate all the evidence with or without reason, and find the defendant not guilty. The constitution does not compel submission to the uncontrolled judgment of the jury of an issue made by the plea of former jeopardy, unsupported by facts. No constitutional privilege of the defendant is invaded when the court in its instruction directs the jury that it cannot in defiance of the facts decide the issue of former jeopardy in favor of the defendant, nor is any privilege invaded which was recognized at common law. When courts have held that

a plea of former jeopardy raises an issue upon which the trial court cannot direct a verdict against the defendant, they have held so either by reason of provisions of state constitutions, which find no counterpart in the constitution of the United States, or the acts of Congress, which comprise the fundamental law of this territory, or through failure to observe the difference in status between pleas of former jeopardy and pleas of not guilty under the provisions of such constitutions, and also under the common law. If such verdict may lawfully be directed, it is a necessary inference that where the record affirmatively shows that the jury, with legal propriety, could not have found for the defendant upon the plea of former jeopardy and the trial court formally so adjudicated and so instructed the jury, the defendant has been deprived of no fundamental right by the absence of the jury's finding upon the plea and is uninjured thereby.

The law throws ample safeguards around the defendant in his trial upon the merits of his case—so ample, indeed, as to leave room for question whether the extreme technical nicety with which all defendants are safeguarded does not to an unreasonable degree pave the way for acquittals of the guilty. It would be unfortunate, indeed, if the appellant must be given another trial six years after his offense has been committed, when the evidence against him is becoming, by sheer lapse of time, more difficult to marshal. There has been disclosed in this case no foundation for even a formal attack upon the fairness of appellant's trial upon the merits or upon the soundness of the verdict of guilty. No suggestion is made by appellant either that the trial was unfair or that the verdict of guilty is unjust. The record shows his guilt beyond even a captious doubt. This practical consideration could not weigh as as against the want of some step which by law is made essential to a valid judgment, even though, viewed apart from the requirement of the law, it were evident that no substantial injury has been wrought the one convicted. Appellant lays great stress upon certain cases illustrating this. They are *Crain* v. *United States,* 162 U. S. 625, 16 Sup. Ct. 952, 40 L. Ed. 1097, *Territory* v. *Blevins,* 4 Ariz. 68, 77 Pac. 616, and *Territory* v. *Brash,* 3 Ariz. 141, 32 Pac. 260, in which judgments of conviction were reversed because the accused had entered no pleas, wherefore there had been no

issues before the juries. That the judgments of reversal in these cases have gone to the extreme limit is sufficiently indicated by the dissenting opinion concurred in by three of the justices in the first-cited case. They are easily distinguishable in principle from the present case, because the omitted step in those cases was fundamental to the essential inquiry. In this case the error of the court did not occur in the procedure prescribed for the essential inquiry, to wit, the inquiry into the defendant's guilt, but in an inquiry collateral, and at common law, preliminary thereto. Being unprejudicial in fact, a reversal may not be had on account of it.

While several decisions are cited to us as adverse to ours, it is significant that in the latest decision upon the subject to which our attention has been directed the supreme court of Washington unanimously reaches the same conclusion which we have reached (*State* v. *Williams,* 43 Wash. 505, 86 Pac. 847), and that the latest decision cited as opposed was a decision wherein the supreme court of Utah divided by two to one, Mr. Justice McCarty dissenting upon the same line of reasoning which we have adopted and supporting his dissent by a strong marshaling of authorities. *State* v. *Creechley,* 27 Utah, 142, 75 Pac. 385. Furthermore, an examination of the majority opinion reveals stress laid upon an important distinction between that case and this, in that "no disposition was made of" the plea of former acquittal "either by the court or jury." The fact that in this case the court actually adjudicated the issue and instructed the jury that the pleas of former acquittal and former jeopardy are not sustained distinguishes this case from all of the California cases, and from nearly all of the other cases cited to us in opposition to this feature of our decision.

The motion for rehearing is denied.

KENT, C. J., and DOAN and CAMPBELL, JJ., concur.