[Criminal No. 649. Filed June 13, 1927.]

[256 Pac. 1055.]

STATE, Appellant, v. A. A. WOOTEN, Respondent.

204

Mr. Arthur T. La Prade, County Attorney, Mr. Charles A. Carson, Jr., and Mr. Lin H. Orme, Deputy County Attorneys, for the State.

Messrs. Croaff & Conway and Messrs. Cox, Moore & Janson, for Respondent.

McALISTER, J.—This is an appeal by the State of Arizona from an order granting A. A. Wooten, convicted of the crime of embezzlement, a new trial.

The record discloses that on February 24th, 1926, the trial of the defendant, Wooten, came on for hearing and that after the jury was impaneled and sworn and the information read, the county attorney began his opening statement with the remark that the information charges that the defendant embezzled the sum of $437 of the property of one Ruth Russell. Thereupon the attorney for the defendant objected upon the ground that the information did not allege that the money embezzled was the property of Ruth Russell, and the court sustained this objection and ordered the case resubmitted. Following a second preliminary, the county attorney filed another information on March 11th, 1926, charging in proper form that the defendant, A. A. Wooten, on or about July 11th, 1925, appropriated to his own use $437.68 of the money of one Ruth Russell, the same having been theretofore entrusted to him by her. To this the defendant at the proper time entered a plea both oral and written, of former jeopardy, and after a number of continuances, this plea was heard and denied. No other plea was taken, but the case came on for trial on May 28th, thereafter, and, both parties announcing ready, the jury was selected and sworn and the information read by the clerk, who stated to the jury that the defendant had entered a plea of "not guilty" thereto. The trial, however, proceeded to a verdict as though it had. Witnesses were sworn, evidence, both oral and documentary, was introduced, the defendant examined and cross-examined, arguments made, the jury instructed and the case submitted in the regular manner. Within a few days thereafter the defendant against whom the verdict was returned moved for a new trial, which was granted, and, the state being dissatisfied with this ruling, appeals from it and rests its case in this court solely upon that order.

The motion was based upon seven different grounds, but the court failed to state which of these led it to the action it took, and there is nothing in the record from which this can be ascertained. The state claims in its brief that it was the seventh, namely, that the defendant did not plead, and its only assignment and the argument thereon are based upon the contention that the plea under the circumstances was waived and the issue of "guilty" or "not guilty" joined, notwithstanding the court's failure to have the formal plea entered. Appellee upon the other hand contends that inasmuch as the record fails to disclose upon which ground the court acted, the county attorney must show that none of those set up in the motion for a new trial are good because the order was properly entered if any one of them justifies its action. This is true, but before looking into the sufficiency of these other grounds appellant's contention will be considered, inasmuch as a determination of it may dispose of the appeal.

Appellant states the question involved in the appeal in this language:

"Did not the defendant in this case by agreeing that the case be tried on the 28th day of May, 1926, and by voluntarily appearing for trial on that date, and answering ready for trial, and remaining silent when the clerk, in the usual form, stated to the jury that the defendant plead not guilty to the information, and further participating in said trial, thereby waive the necessity of an arraignment and of having a formal plea of not guilty entered before proceeding to trial?"

The trial court must have taken the view that there was no issue for the jury to determine since the formal plea of "not guilty" was not entered, and in reaching this conclusion it evidently relied upon two decisions of the territorial Supreme Court, *Territory v. Brash,* 3 Ariz. 141, 32 Pac. 260, decided in 1890, and *Territory v. Blevins,* 4 Ariz. 68, 77 Pac. 616, decided

in 1893, for these cases clearly uphold its ruling. Appellant contends, however, that because of the harmless error clause of the state Constitution and the provision of the Penal Code enacted in pursuance thereof, this holding is not now binding on the courts of the state. The first of these, section 22, article 6, Constitution of Arizona, reads as follows:

"No cause shall be reversed for technical error in pleading or proceedings when upon the whole case it shall appear that substantial justice has been done."

The second, paragraph 1170 of the Revised Statutes of 1913 (Penal Code), is in this language:

"After hearing the appeal, the court shall give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties, and no judgment in any criminal case shall be reversed for technical error in pleading or proceedings when upon the whole case it appears that substantial justice has been done."

We are clearly of the view that these provisions have the effect claimed for them by appellant, and therefore that the order of the court granting a new trial in so far as it was based upon the fact that there was no plea in the case was erroneously entered. The decisions referred to above were undoubtedly in accord with the authorities when rendered, and if still the law in this jurisdiction the ruling in this case would be correct and should be upheld; but since the adoption of section 22, article 6, as a part of the fundamental law of this state, it is necessary, before the failure to take the plea should be held to constitute reversible error, to ascertain further whether such failure affected any substantial right of the defendant or was merely a technical error without prejudicial effect.

There is no question but that the defendant was entitled to an opportunity to plead to the merits following the denial of his plea of former jeopardy, this being the method the statute provides for joining the issue as to the guilt or innocence of one charged with a criminal offense, but for some reason the court overlooked taking his plea. Notwithstanding this omission, however, he announced ready for trial when the case was called, went through the entire proceeding without objecting to the fact that he had not been allowed to plead or indicating in any way a desire to do so, remained silent when the clerk stated to the jury that he had pleaded "not guilty," and conducted his side of the case from then on as though he had entered his plea. He was permitted to do everything pertaining to his defense that he cared to and was denied no right whatever that would have been accorded him had the plea been entered. By no stretch of imagination could it be said that he would have been in any better position had he pleaded formally that he was not guilty. This being true, it is difficult to understand how the failure to enter his plea could have been in the least prejudicial or regarded as anything more than the merest technicality, and to treat it, under the circumstances, as anything else would be forsaking the substance in pursuit of the shadow. It was in fact placing such errors as this upon the same plane as prejudicial errors that led to the adoption of the provision of the Constitution depriving appellate courts of the right to reverse upon technical grounds when it appears upon the whole case that substantial justice has been done, and to hold that it entitles the defendant to a new trial would be, as Judge BREWER remarked of the same error in *United States* v. *Molloy* (C. C.), 31 Fed. 19, "like trifling with justice," and amount to nothing more nor less than a refusal to

give effect in a proper case to the harmless error provision of the fundamental law of this state.

Such is the view now taken by the federal and many of the state courts, though the decisions of the latter are not based entirely upon the same ground. Some of them treat the failure to take the plea as wholly technical and resulting in no prejudice to the defendant, while others say that announcing ready and going to trial as though the plea had been entered is a waiver thereof. There are still others that hold that announcing ready for trial and going through it without objecting is in effect entering the plea. Any one of these conclusions might properly be drawn from the facts of this case, but the constitutional provision of this state makes the technical error view particularly applicable here. The following cases are in point: *State* v. *Straub,* 16 Wash. 111, 47 Pac. 227; *State* v. *Cassady,* 12 Kan. 423; *Moore* v. *State,* 51 Ark. 130, 10 S. W. 22; *State* v. *Hayes,* 67 Iowa 27, 24 N. W. 575; *Wood* v. *State,* 4 Okl. Cr. 436, 45 L. R. A. (N. S.) 673, 112 Pac. 11; *Waller* v. *State,* 2 Ga. App. 636, 58 S. E. 1106; *State* v. *Thompson,* 95 Iowa 464, 64 N. W. 419; *People* v. *Osterhout,* 34 Hun (N. Y.), 260; *People* v. *Weeks,* 165 Mich. 362, 130 N. W. 697; *Spicer* v. *People,* 11 Ill. App. 294. In *State* v. *Greene,* 66 Iowa 11, 23 N. W. 154, the following language appears:

"The action of the court, in putting him upon trial, without a plea having been entered, was a mere technical error or irregularity which in no manner affected any of his substantial rights. The fact that no plea had been entered was overlooked by the court and the district attorney, through inadvertence, no doubt. The case was treated, however, at every stage of the proceeding, and by all of the parties, as though a plea had been entered. The allegations of the indictment were all regarded as denied by the defendant. The state was required to

establish the charge in the indictment by the same character of evidence, and with the same certainty, which would have been required if the formal plea of not guilty had been entered. The defendant was permitted to introduce evidence to disprove the charge, and his counsel was permitted to argue the case to the jury on its merits, and the jury were required to determine it under the same rules which would have governed in its determination if the plea had been formally entered. We are not required to reverse the judgment of the district court for mere technical errors, or defects in its proceedings which do not affect the substantial rights of the parties (Code, § 4538), and we are very clear that the matter complained of is of that character.''

In *Hack* v. *State*, 141 Wis. 346, 45 L. R. A. (N. S.) 664, 124 N. W. 492, the Supreme Court of Wisconsin, in 1910, reversed several former rulings of that court and held that the right to plead was waived by the defendant's remaining silent when he ought to have spoken. We quote the following from its language:

''Surely the defendant should have every one of his constitutional rights and privileges, but should he be permitted to juggle with them? Should he be silent when he ought to ask for some minor right which the court would at once give him, and then when he has had his trial, and the issue has gone against him, should he be heard to say there is error because he was not given his right? Should he be allowed to play his game with loaded dice? Should justice travel with leaden heel because the defendant has secretly stored up some technical error not affecting the merits, and thus secured a new trial because forsooth he can waive nothing? We think not. We think that sound reason, good sense, and the interests of the public demand that the ancient strict rule, framed originally for other conditions, be laid aside, at least so far as all prosecutions for offenses less than capital are concerned. We believe it has been laid aside in fact (save for the single exception that trial by a jury of twelve cannot be waived unless

authorized by a specific law) by the former decisions of this court. It is believed that this court has uniformly attempted to disregard mere formal errors and technical objections not affecting any substantial right, and to adhere to the spirit of the law which giveth life rather than to the letter, which killeth.''

As late as 1896 the United States Supreme Court held in *Crain* v. *United States*, 162 U. S. 625, 40 L. Ed. 1097, 16 Sup. Ct. Rep. 952, that the failure to enter a plea violated the due process clause of the federal Constitution, but 18 years later in *Garland* v. *Washington*, 232 U. S. 642, 58 L. Ed. 772, 34 Sup. Ct. Rep. 456, reversed itself and specifically overruled the Crain case, stating that when a defendant fails to raise the objection that the plea has not been entered and is put on trial as though he had pleaded formally, the failure to enter the plea is technical only, and the defendant should be held to have waived it.

Notwithstanding the correctness of appellant's contention on this proposition, the court cannot do otherwise than affirm the order of the trial court granting a new trial for the reason that it was sought upon seven different grounds and only the one just disposed of was assigned as error and argued, though one of the other grounds, the denial of the plea of former jeopardy, is argued to some extent, but the ruling thereon was not assigned as error in accordance with the rules of the Supreme Court, Rule 12, paragraph 1. As stated above the record does not disclose which of these led to the granting of the order, and inasmuch as one of the other six might have justified such action the only position this court can take is to presume, in the absence of a showing to the contrary, that it did, and affirm the order. It is unfortunate that the record does not advise us more definitely and thus make it possible to determine whether a new trial was in fact properly granted, but it does not

and we must take it as it is. This court cannot take the time to investigate the entire record to ascertain whether the grounds for a new trial not assigned and discussed have merit. In *Bryan* v. *Inspiration Consolidated Copper Co.*, 27 Ariz. 188, 231 Pac. 1091, this language was used:

"If the record disclosed the ground or grounds upon which the motion was granted, this court could proceed directly to a consideration of it or them without spending time unnecessarily upon those that had no bearing on the question. An appellate court already crowded with work should not be called upon to assume this burden, and it is hoped that the trial courts of the state will follow this practice in the future, if they have not in the past, so it will not be necessary."

The order granting a new trial is therefore affirmed.

ROSS, C. J., and LOCKWOOD, J., concur.