517 P.2d 1264

**STATE of Arizona, Appellee,**

v.

**Dwight K. CHAPMAN, Appellant.**

**No. 2682.**

Supreme Court of Arizona,
In Banc.

Jan. 16, 1974.

Gary K. Nelson, Atty. Gen., William J. Schafer, III, Asst. Atty. Gen., Phoenix, for appellee.

J. Douglas McVay, Phoenix, for appellant.

LOCKWOOD, Justice:

Defendant, Dwight K. Chapman, appeals from a conviction for the crime of selling narcotics, for which he received a sentence of not less than twenty years nor more than thirty years to be served in the Arizona State Prison.

The facts, taken in a light most favorable to the state, are as follows: Defendant was indicted by a grand jury and

brought to trial on a charge of selling heroin, a narcotic to two. undercover narcotic agents. At the trial the two undercover agents testified to the details of the transaction. Their testimony indicated that a third person actually delivered the heroin but that payment was made to the defendant. Other testimony by the officers revealed that the defendant had told one of them that by having a third person hand over the narcotics and having payment made to a different person would prevent either party from being charged with the sale of narcotics.

Defendant took the stand in his own behalf with his explanation of what had transpired. Then the prosecution put on their rebuttal witnesses. The case went to the jury and the jury found the defendant guilty as charged.

█ In his appeal the defendant makes two designations of error. First he contends that it was reversible error for the trial judge to fail to read the indictment and the defendant's plea thereto to the jury as required by Rule 255 of the Arizona Rules of Criminal Procedure, 17 A.R.S. The first and only time this court has ever addressed itself to this issue was in Territory of Arizona v. Ussery, 4 Ariz. 177, 36 P. 35 (1894). Then as now the reading of the indictment and stating the plea to the jury was required by statute. On both occasions the record affirmatively showed that the defendants had been arraigned and pleaded not guilty to the charge prior to the trial. In addition the record in the instant case reveals that the jury panel was told what the charge against the defendant was prior to being selected. Also the prosecutor told the jury what the charge against the defendant was in his opening statement. Finally the trial judge in his instructions to the jury informed the jury what the defendant was indicted for and that he had pled not guilty. Although seventy-nine years have passed, we find the language of the court as persuasive now as it was then. In that case the court said:

"The reading of the indictment and the stating of the plea to the jury by the clerk, although directed by the statute, is in no wise jurisdictional. The failure to comply with one or both of these requirements, if objected to by the defendant, would unquestionably be an error. The purpose of the statute is to provide a method for informing the jury as to the nature of the charge against the defendant, and the issue joined by him. This information the defendant has the right to have imparted to the jury in the formal mode pointed out by the statute. It is the usual and ordinary practice, however, upon the impaneling of the jury, for counsel to state to them the general nature of the accusation against the defendant, as well as his plea; and when this is done it is difficult to see how the defendant could be injured by the omission on the part of the clerk to again impart the same information by reading the indictment and stating the plea. At any rate, it seems quite clear to us that the defendant may waive, in such a case at least, his statutory right to have this done, and, having failed to save any exception to such omission, will be presumed to have done so." 4 Ariz. at 178, 36 P. at 35.

█ Defendant's only other contention was that the sentence imposed was unlawful and in excess of the court's jurisdiction. Defendant argues that the requirements of A.R.S. § 36–1002.02 which provides both a minimum and a maximum sentence are mandatory upon the courts and that the trial court has no discretion to alter the term.

We addressed ourselves to this very question in State v. Lewis, 109 Ariz. 466, 512 P.2d 9 (1973). In that case we overruled a series of cases which supported defendant's contention and held that upon reconsidering the issue, the more rational interpretation of the statute would permit the trial judge to set the sentence anywhere

**270**

within the prescribed minimum and maximum.

Judgment affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.