558 P.2d 28

**STATE of Arizona, Appellant,**

v.

**Robert Frank HARRINGTON, Appellee.**

**No. I CA–CR 1645.**

Court of Appeals of Arizona,
Division 1,
Department C.

Nov. 16, 1976.

**664**

Moise E. Berger, Maricopa County Atty. by William B. DeMars, Deputy County Atty., Phoenix, for appellant.

John P. Moore, Phoenix, for appellee.

OPINION

JACOBSON, Judge.

The defendant, Robert Frank Harrington, was charged by information with the murder of James Parmly Johnson, Jr. in Phoenix, Arizona, in December, 1974. The matter proceeded to trial and the evidence showed that Harrington shot the victim in the head at close range during a bitter argument at Harrington's residence in the late evening after both had been drinking. Appellant's theory of the case was self-defense.

At the close of the state's case, the court denied two defense motions for mistrial and entered judgment of acquittal as to murder in the first degree. Defense motions for acquittal on second degree murder and manslaughter were denied.

The jury found the defendant guilty of voluntary manslaughter. A defense motion for a new trial was taken under advisement, and, after the submission of briefs and arguments on the issue, the motion was granted. The state filed a timely notice of appeal from the order granting a new trial.

 The trial court did not specify which ground or combination of grounds he relied upon in granting the defendant's motion for a new trial. Under these circumstances it is incumbent upon the state, in order to show that the trial court abused his discretion or acted arbitrarily, to demonstrate that none of the grounds urged in the motion for new trial are valid. *State v. Wooten,* 32 Ariz. 203, 256 P. 1055 (1927). The test of whether the trial court abused his discretion is "[I]f upon an examination of the record it appears no mistake of law or fact occurred in the trial, and that the evidence fully sustains the conviction, it is an abuse of discretion to grant a new trial." *State v. Duguid,* 50 Ariz. 276, 278, 72 P.2d 435, 436–37 (1937); *also see State v. Turner,* 92 Ariz. 214, 375

P.2d 567 (1962); *State v. Chase,* 78 Ariz. 240, 278 P.2d 423 (1954).

With these principles in mind, the defendant's motion for new trial raised the following errors:

1. That there had been prejudicial publicity during the trial;

2. That his in-custodial statements were improperly admitted;

3. That the verdict was contrary to the law and the weight of the evidence; and

4. That the prosecutor was guilty of misconduct.

We now turn to an examination of these grounds to determine the validity of the trial court's order.

■ The defendant first argued that the jury was exposed to and adversely affected by inflammatory and prejudicial newspaper accounts during the trial. On July 23, 1975, the court conducted an in-chambers, individual voir dire of the jurors concerning the effect of a newspaper account concerning the defendant. Only one juror had read the account, and then only part of it, and he said it would have no influence on his judgment. The trial court found that the juror was credible and denied the defendant's motion for mistrial. The record supports the trial court's finding. The record does not support a claim of prejudice to the defendant. Accordingly, the trial court could not have granted a new trial on this ground.

Defendant next argued that certain in-custodial statements were taken from him in violation of his *Miranda*[1] rights and introduced into evidence against his one objection. In a suppression hearing the evidence showed that the admissions sought to be excluded were made after the *Miranda* warning was given. The defendant gave a partial statement in the station house and then said he wanted a lawyer. The interrogation stopped at this point, although the defendant and the officer remained in the same room. After a short time, the defendant, without a prior question being asked, started a conversation with the interviewing officer concerning the homicide. Thereupon the officer resumed his discussion with the defendant, and during this subsequent discussion, the incriminating information was obtained. The defendant did not controvert the officer's account of the interrogation either at the hearing or at trial.

■ In the instant case the defendant exercised his right to cut off the interrogation and the police officer immediately honored it. It was only after the defendant started talking to the officer about the homicide that the challenged information was obtained. The trial court correctly ruled that the statements were voluntary. The defendant's right to cut off the questioning was scrupulously honored and there is no evidence in the record to suggest police conduct to persuade the defendant to reconsider his position. *Michigan v. Mosley,* 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975); *State v. Sauve,* 112 Ariz. 576, 544 P.2d 1091 (1976). The trial court could not have relied on involuntariness of the incriminatory statements as a ground for a new trial.

■ The defendant next argues that the verdict was contrary to law or the weight of the evidence. On a motion for a new trial the trial court has the right to weigh the evidence and he does not abuse his discretion in granting the motion unless the record shows that guilt has clearly been proven beyond a reasonable doubt. *State v. Saenz,* 88 Ariz. 154, 353 P.2d 1026 (1960); *State v. Bogard,* 88 Ariz. 244, 354 P.2d 862 (1960). From the state of the record we hold that there was sufficient evidence to submit to the jury the issue of defendant's guilt of second degree murder or

1. *Miranda v. Arizona,* 334 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

voluntary manslaughter. The defendant did not seriously dispute the fact that he shot James Johnson, the sole jury question being whether this was in self defense or in the heat of passion. The defendant did not take the stand to substantiate these defenses, relying on other witnesses to establish them. In our opinion, the trial court could not have granted a new trial on the insufficiency of the evidence.

The defendant finally contended that the misconduct of the prosecutor denied him a fair trial. This alleged misconduct consisted of four veiled comments on the defendant's failure to take the stand, one unanswered question posed by the prosecutor, and one comment by the prosecutor allegedly impugning the defendant's reputation during closing argument.

■ The comments that allegedly affected the defendant's right not to take the stand were:

(a) "You may have noticed that most, if not all, of the defense case, as far as the *actual moments* . . . rested upon the testimony of one individual, one, James Lillard." (emphasis added)

(b) "*Only* from James Lillard's testimony have you heard that, ladies and gentlemen." (emphasis added)

(c) "The *only witnesses* to the event of that night, whose testimony you have heard in this case, whose testimony may be trusted, is the testimony of one person, the next door neighbor lady, Mrs. Voise." (emphasis added)

(d) "The *only unbiased* witness in this case has told you exactly how it happened . . . ." (emphasis added)

The defendant contends that these comments by the prosecutor constitute allusions to his failure to take the stand and are reversible error, citing *State v. Rhodes,* 110

Ariz. 237, 517 P.2d 507 (1973). In our view the comments did not have the effect of focusing the jury's attention on the fact that the defendant had not taken the stand sufficiently to require reversal on this ground. *See State v. Pierson,* 102 Ariz. 90, 425 P.2d 115 (1967); *State v. Bryd,* 109 Ariz. 10, 503 P.2d 958 (1972).

■ During the state's case the prosecutor asked a police officer if he was aware of the defendant's reputation for violence, turbulence, and aggression. Defense counsel objected prior to the answer and the judge admonished the jury to disregard the question. We agree with the defendant that this query was especially unfortunate due to the nature of the case. The defendant was relying solely on a self-defense theory and the evidence showed the victim to be an extremely violent person and capable of unprovoked attacks, especially when under the influence of alcohol as he was on the night he died. At no time during the trial did the defendant introduce evidence of his good character so as to permit such an inquiry by the state. However since the question went unanswered, we cannot say that the inquiry itself prejudiced the jury such that the trial court could grant a new trial on this ground. Following this inquiry and in chambers the prosecutor was admonished not to touch on the issue of the defendant's character.

■ Following defense counsel's closing argument, the prosecutor in his rebuttal again attacked the defendant's character and reputation when he said:

"As to James Parmly Johnson [the victim]—I wonder if I can find my exact quote—'being a violent, aggressive and unpredictable person.' *Birds of a feather flock together* . . . ." (emphasis added)

At the close of this argument and prior to submission of the case to the jury, defense counsel made a motion for mistrial based on this comment. The alleged error was

preserved for appeal. *State v. Kellington,* 93 Ariz. 396, 381 P.2d 215 (1963); *State v. Serrano,* 17 Ariz.App. 473, 498 P.2d 547 (1972).

There is no legal justification in the record for this comment. It was not in answer to any representation by the defense, either through the evidence or argument, of the defendant's good character. The defendant had scrupulously avoided the introduction of that issue into the case and had not taken the stand. The remark was made after the defendant's closing argument and he was foreclosed an opportunity to militate the effect of the remark upon the jury. The prosecutor had made repeated reference throughout the trial that the defendant and the decedent were friends.

Although wide latitude is afforded counsel in argument to the jury, it is qualified by a requirement that the remarks be supported by the evidence, *State v. Branch,* 108 Ariz. 351, 498 P.2d 218 (1972), and are not prejudicial. *State v. Kelley,* 110 Ariz. 196, 516 P.2d 569 (1973). The prosecutor's comment was not supported by the evidence and transcended the boundaries of permissible argument.

Under another factual setting we may well have found this error to have been harmless. However, in view of the closeness of the evidence as to self defense, the disregard of the prosecutor of the prior admonition of the court to not touch on this issue, and the ability of the trial court to judge the prejudicial effect of the remark on the jury which called in question the only viable defense the defendant had, we cannot say, as a matter of law, the trial court abused its discretion in granting a new trial.

The order granting a new trial is affirmed.

FROEB, P. J., and HAIRE, C. J., Division 1, concur.