OPINION
HATHAWAY, Judge.
The state has brought this special action to challenge two orders of the Pima County *21 Superior Court, one dismissing an allegation of committing a felony while released on probation and the other granting the real party in interest’s motion for new trial. Because we believe the state is without an adequate remedy by appeal, we assume jurisdiction.
On December 21, 1982, real party in interest Adams was bound over for trial on the charge of second-degree murder occurring on December 5, 1982. His bond was set at $10,000 and he remains in custody. An amended allegation of committing a felony while on probation was filed on March 22, 1983. In a probation revocation hearing, the Honorable Robert Buchanan held that the real party in interest was in violation of the terms and conditions of his probation by (1) failing to make payment on his court-ordered probation fees, (2) by failing to submit a written monthly report since July 1982, and (3) by being terminated negatively from a rehabilitation program. Judge Buchanan thereupon extended the time of his probation pursuant to A.R.S. § 13-903(C) to include additional time time for the period of absence between August 11, 1982, and December 6, 1982. After a five-day jury trial, Adams was convicted of second-degree murder. The defense moved to dismiss the allegation of committing a felony while on probation and Judge Thomas Meehan granted the motion based on Judge Buchanan’s ruling in his minute entry of April 18, 1983, which excluded the period of time including the day on which the murder occurred, from Adams’ probationary period.
On August 25, the defense filed a motion for new trial alleging: (1) the jurors found and discussed marijuana “roaches” in the coat Adams was wearing when arrested and which the jurors had in the jury room during deliberations, and (2) alleged prosecutorial misconduct in the cross-examination of Adams. After a hearing on September 9, 1983, the motion for new trial was granted and the jury verdict vacated.
First, the dismissal by Judge Meehan of the allegation of committing a felony while on probation was contrary to the duties imposed on him by law. The allegation of committing a crime while on probation was apparently in conflict with the finding in the minute entry order of Judge Buchanan which found that Adams was not on probation at the time the offense was committed, a finding relied on by Judge Meehan. Judge Buchanan’s order, made pursuant to A.R.S. § 13-903(C), is not in conflict with A.R.S. § 13-604.01. A.R.S. § 13-903(0) states:
“The running of the period of probation shall cease during the unauthorized absence of the defendant from the jurisdiction or from any required supervision and shall resume only upon the defendant’s voluntary or involuntary return to the probation service.”
The allegation of committing a felony while on probation was made pursuant to A.R.S. § 13-604.01(A), which states:
“Notwithstanding any provision of law to the contrary, a person convicted of any felony offense involved in the use or exhibition of a deadly weapon or dangerous instrument or involving the intentional or knowing infliction of serious physical injury upon another if committed while the person is on probation for a conviction of a felony offense, or parole, work furlough or any other release from confinement for conviction of a felony offense shall be sentenced to life imprisonment and is not eligible for suspension or commutation of sentence, probation, pardon, parole, work furlough or release from confinement on any other basis
The enactment of A.R.S. § 13-903, effective October 1, 1978, was to correct a situation which existed prior thereto under A.R.S. § 13-1657, which spoke in terms of a mandatory discharge for a probationer at the end of his term of probation. A.R.S. § 13-903 halts the running of the period of probation when the probationer is not abiding by its terms either by leaving the jurisdiction or failing to report for supervision. It enables the court to extend the period during which a probationer will be subject to supervision and prevents the court from *22 having to revoke probation because the unauthorized absence or failure to allow supervision occurred near the end of the probationary term. It was just such a finding that Judge Buchanan made when he extended Adams’ probation in his April 18, 1983, minute entry order. It was not a finding that Adams was not on probation for purposes of A.R.S. § 13-604.01.
A.R.S. § 13-604.01 has as its purpose the protection of the public. A person who has been given a “break” and placed on probation or parole and is not amenable to rehabilitation through such unstructured means is not to be dealt with lightly if he fails. The intent of this statute is equally applicable to a person who is on probation and who commits a crime within the jurisdiction while still under supervision as it is to a person who commits a crime within the jurisdiction while under supervision as it is to a person who commits a crime while not appearing for supervision or who leaves the jurisdiction in violation of the terms of his probation. For purposes of A.R.S. § 13-604.01, a person is “on probation” if his probationary period has not been discharged. The statute applies here and it was error for the trial court to find that Adams was not on probation in terms of A.R.S. § 13-604.01 when it dismissed the allegation of committing a felony while on probation.
We find no abuse of discretion in the granting of the motion for new trial. The outside appearance of the coat was in issue and the jurors inspected the inside of the coat during deliberations whereupon they found marijuana roaches and discussed them briefly. Two jurors testified at the subsequent hearing, both stated the jury discussed the marijuana but both said they had decided to disregard this as evidence. Additionally, the trial court found prosecutorial error when the county attorney informed the jury that the police had taken a handgun from appellant on a prior occasion. The court found it could not conclude beyond a reasonable doubt that these facts did not contribute to the verdict and granted the motion for new trial.
The granting of a motion for new trial under Rule 24.1, Arizona Rules of Criminal Procedure, 17 A.R.S., is within the sound discretion of the trial court and the court does not abuse that discretion in granting the motion unless the record shows that guilt had clearly been proven beyond a reasonable doubt. See State v. Moya, 129 Ariz. 64, 628 P.2d 947 (1981); State v. Villalobos, 114 Ariz. 392, 561 P.2d 313 (1977); State v. Mann, 117 Ariz. 517, 573 P.2d 917 (App.1977); State v. Harrington, 27 Ariz.App. 663, 558 P.2d 28 (1976). The trial court conducted a hearing and heard evidence and testimony of the jurors involved and was in the best position to conclude whether the jury may have been influenced by the evidence improperly before it.
The order dismissing the allegation of committing a felony while on probation is vacated and the allegation reinstated.
HOWARD, C.J., and BIRDSALL, J., concur.